Ivory V. JORDAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16111.

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1971.

John D. Harris, Tulsa, for plaintiff in error.

Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Plaintiff in error, Ivory V. Jordan, hereinafter referred to as the defendant, has perfected herein an appeal from the judgment revoking his suspended sentence in the District Court of Tulsa County, Case No. CRF–69–1527. It appears from the record that the defendant, while represented by counsel, and after being fully advised of his rights, entered a plea of guilty to the charge of Attempted Burglary of an Automobile on October 23, 1969. Subsequently, on November 26, 1969, after receiving a pre-sentencing report the Court imposed judgment and sentence on the defendant's plea of guilty, assessing punishment at three and one-half years imprisonment with the execution of the sentence suspended on conditions specified by the sentencing judge at that time.

■ An Application to Revoke Suspended Sentence was filed and on March 2, 1970, defendant appeared in court without counsel on the Application to Revoke. Bond was set for the defendant with the hearing on revocation continued until a later date. On April 2, 1970, the hearing on the Application to Revoke began with the defendant present and represented by counsel and finally completed on April 30, 1970. At the end of the hearing on April 20, 1970, the district court revoked the suspended sentence directing that the defendant be returned to the sheriff for execution of the original sentence imposed.

In appealing the order of revocation the defendant has raised several assignments of error. First, defendant contends that it was error for the district court to set bond and incarcerate the defendant without the presence of counsel on March 2, 1970. Although it is not clear from the record why defendant's attorney was not present at this particular proceeding, it is clear that defendant was represented by counsel at all previous and subsequent proceedings. No action other than the setting of bond was taken by the court and we find no prejudice resulting from the defendant's appearance in court without counsel on that day. This was not a critical stage requiring counsel. Mempha v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336.

■ The second and third assignments of error are that the failure to comply with 57 O.S.Supp.1970, § 517, which provide for the Deputy Director of the Division of Probation and Parole of the Department of Corrections to issue a warrant for the arrest of a probationer on information of a parole violation, divested the district court of jurisdiction to revoke the suspended sentence. It is true that Section 517 sets out a procedure by which the Division of Probation and Parole can issue a warrant for the arrest of a probationer assigned to the division for supervision. However, we find no indication from the statutes that this was intended to be an exclusive method to arrest and confine a probationer when revocation of a suspended sentence is sought. Long before the passage of Section 517, a part of the Corrections Act of 1967, it was possible to arrest an individual for violation of the terms of the suspended sentence. Even at the present time it is possible for a court to suspend execution of a sentence and not direct the defendant to be supervised by the Department of Corrections. 22 O.S. Supp.1970, §991a. The power to suspend the sentence and to revoke the suspension, necessarily involves the power to arrest.

■ The fourth assignment is that the court erred in ordering the defendant to serve a longer sentence under the revocation than had been agreed upon if suspension of the sentence had not been allowed. It appears that the State had been willing to recommend a one-year sentence if the trial court was unwilling to suspend execu-

tion of sentence. However, the trial court was willing to allow suspension of the execution of the sentence and accepted the recommendation of the State for a three and one-half year term in the event of suspension of execution. This agreement was within the knowledge of the defendant and his counsel and the assessment of a three and one-half year term was in no way a surprise or violation of the agreement. The fact that the defendant was willing to accept a three and one-half year suspended sentence, understanding that the same could be revoked with his imprisonment for the full term, in no way violated his constitutional or statutory rights. Defendant apparently believed suspension with its conditions was preferable to one year imprisonment and is now bound by his agreement.

■ The fifth assignment of error is that the "rules and conditions of parole" violated the defendant's constitutional rights. Defendant here has reference to the rules of the Department of Corrections for probationers and parolees. Although defendant contends that they are "vague, indefinite, and imprecise," he cites no authority in support of his position. It is clear from the record that at the time the court imposed judgment and sentence it explained to the defendant the conditions of the suspension, and further defendant was informed that his violation of these conditions would result in his imprisonment for the full term. The record shows that prior to sentencing and subsequent to sentencing parole officers explained the conditions and terms to the defendant and advised him of what conduct might result in revocation of the suspended sentence. We find that the defendant was aware that association with other probationers, drinking intoxicating liquors, or violating any law or city ordinance would be grounds to revoke his suspended sentence. There is competent evidence in the record from which the district court could conclude that the defendant had violated any of these conditions. We, therefore, find no merit to the contention that the conditions were so vague that the defendant was unable to ascertain that conduct which would be a basis to revoke his suspended sentence.

■ The sixth assignment of error is the trial court had no jurisdiction to revoke the suspended sentence since defendant had been remanded to the jurisdiction of the Department of Corrections. Clearly, this assignment is wholly without merit as placing a probationer under the supervision of the Department of Corrections can in no way be considered as divesting the court of jurisdiction over the person or the cause until the expiration of the term of the suspended sentence. Hansen v. Page, Okl.Cr., 440 P.2d 211 (1968).

■ Finally, defendant contends that the revocation constituted abuse of discretion. As we have stated earlier, the record contains competent evidence from which the district court could conclude that the defendant had violated the terms and conditions of the suspended sentence. In view of such evidence we cannot agree that the district court abused its discretion and therefore reject this contention as being without merit.

Having carefully considered the assignments of error raised by the defendant and finding them without merit, we hold that the judgment revoking the suspended sentence of the defendant in the District Court of Tulsa County, Case No. CRF–69–1527, should be and the same is hereby
Affirmed.

BUSSEY, P. J., and BRETT, J., concur.