392 So.2d 848 (1980)
Steven Festus BULLOCK, alias
v.
STATE.
4 Div. 815, 4 Div. 816.
Court of Criminal Appeals of Alabama.
August 19, 1980.
Rehearing Denied October 7, 1980.
*849 J. Allen Cook, Andalusia, for appellant.
Charles A. Graddick, Atty. Gen., and Cynthia D. Welch, Asst. Atty. Gen., for appellee.
TYSON, Judge.
Steven Festus Bullock, alias, presents this Court with two appeals arising in reality from the same circumstances and which appeals will be treated together in this opinion. The first is from the extension of the appellant's term of probation without notice, without advising the nature of the charges against him, or without giving the appellant a hearing or opportunity to respond to whatever charges may have been made and the reasons for extending the probation.
The second appeal presents the issue of the revocation of the appellant's probation following a hearing at which the appellant was represented by counsel, but which revocation was based on the fact that charges had been made against the appellant growing out of an incident in an adjoining county when one Mr. C. P. Burks of Dozier, Alabama, reported a missing Remington shotgun from his truck on the night of January 5, 1980. This missing shotgun was found two days later in the trunk of the appellant's car.
*850 Thereafter, a hearing was held on the charge against the appellant of possession of stolen property, and the charges were dismissed in this proceeding.
The Circuit Court of Covington County proceeded to hear the recommendation of the probation officer and used the fact that the appellant had been arrested on the charge of possession of stolen property as the basis of revoking appellant's probation.
Initially, Steven Festus Bullock had been charged in the Circuit Court of Covington County with grand larceny, buying, receiving or concealing stolen property, to-wit, one electric boat motor, and one Johnson 50 horsepower boat motor, the personal property of Zack D. Studstill.
Appellant is a white male Veteran of the Vietnam conflict and was sent to the Veterans Hospital for examination. Thereafter, the appellant appeared in Circuit Court and was sentenced to a term of three years, but placed on probation for a term of three years on July 30, 1976, on the condition that he leave the State of Alabama and so remain throughout the three year period of probation. The present proceedings, for reasons not shown by the record, commence with a request for extension to the Circuit Court, indicating that the appellant's probation was due to expire on July 30, 1979, and without notice to the appellant, or an opportunity to respond and appear in court, or to question the charges against him, the Circuit Court, on July 27, 1979, entered an order extending the appellant's probation for a period of two years. The probation officer testified in court that he subsequently contacted the appellant, who had been living in Seattle, Washington, by telephone and advised him that his period of probation had been extended for two years and this occurred during September, 1979. The appellant testified that he came to the State of Alabama during the Fall of 1979 and was arrested and brought before the Circuit Court of Covington County in December, 1979, where counsel was appointed and a hearing conducted on whether the appellant had violated the terms of his probation. A second order was entered by the Circuit Court on December 20, 1979, directing that the appellant should remain out of the State of Alabama except for July 4, 1980, and Christmas, 1980, that he could only visit his son, Mike Bullock, during certain hours on those two days after first having contacted his former wife, and that he could not remove the child from the residence of its mother and must obtain permission in advance in writing to visit the child.
Subsequently, the Circuit Court of Covington County issued a pickup order and directed that a hearing be held on February 21, 1980, on whether or not the appellant was in violation of the terms of his probation, this accusation growing out of certain charges which had been made against the appellant on January 8, 1980, charging the appellant with possession of stolen property in Crenshaw County, Alabama. Appellant's counsel filed a habeas corpus petition challenging the action of the Circuit Court of Covington County, and following a hearing, the Circuit Court entered its order, dated February 21, 1980, that the habeas corpus petition should be denied, and that the appellant was not entitled to be released, but was in violation of the terms of his probation and directing that he be placed in the Covington County Jail. It is from these proceedings that these two appeals reached this Court.

I
The appellant and the State of Alabama both cite us to the provisions of § 15-22-54, Code of Alabama 1975. Sections (a), (b), and (c) of this read as follows:
"(a) The period of probation or suspension of execution of sentence shall be determined by the court, and such period may be continued, extended or terminated; provided, that in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years. Upon the satisfactory fulfillment of the conditions of probation or suspension of sentence, the court shall, *851 by order duly entered on its minutes, discharge the defendant.
"(b) The court granting probation may, upon the recommendation of the officer supervising the probationer, terminate all authority and supervision over said probationer prior to the declared date of completion of probation upon a showing of continued satisfactory compliance with the conditions of probation over a sufficient portion of the period of said probation.
"(c) At any time during the period of probation or suspension of execution of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence."
While we recognize at the outset the initial action of the Circuit Court on July 27, 1979, was to extend the appellant's term of probation for a period of two years as opposed to being a proceeding to revoke appellant's probation, nevertheless, we are of the opinion that the guidelines set forth in the opinion of the Supreme Court of Alabama in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), are here applicable. These conditions, with reference to a revocation proceeding are as follows:
"1. Written notice of the claimed violation of parole.
2. Disclosure to parolee of evidence against him.
3. Opportunity to be heard in person and to present witnesses and documentary evidence.
4. The right to confront and cross-examine adverse witnesses.
5. A neutral and detached hearing body, such as a parole board.
6. A written statement by the judge as to evidence relied on and reasons for revoking parole."
We recognize the rule that a proceeding to revoke probation is not a criminal prosecution and that on a hearing thereof the trial court is not bound by the strict rules of evidence. Armstrong v. State, supra; and Wright v. State, Ala.Cr.App., 349 So.2d 124 (1977).
We also note that, following the appellant's arrest in December 17, 1979, and a hearing before the Circuit Court of Covington County, with counsel, his probation was continued, but that the order issued on December 20, 1979, prohibited the appellant's appearance within the State of Alabama except for a brief period on July 4 and on Christmas of each year.
Moreover, the appellant's subsequent arrest in January, 1980, and present incarceration arose out of a hearing conducted in February, 1980, in the Circuit Court, and an order issued in February, 1980, by the Circuit Court, denying his habeas corpus petition, revoking his probation, and directing that he be held by the Sheriff of Covington County pending further orders of the court.
We are of the opinion that the action of the Circuit Court in this respect was erroneous and in violation of the appellant's constitutional rights. At the outset, we believe that the order of the Circuit Court in July, 1979, extending the appellant's probation for two additional years, was in error as there was no notice or specification of the charges, or opportunity to appear at a hearing and confront his accusers.
For aught that appears, there were no charges whatever made against the appellant, the evidence being without dispute that the appellant was living at that time and working in Seattle, Washington. We are further of the opinion that the order of December 20, 1979, directing that the appellant continue to remain outside the State of Alabama except for two brief periods each year was in violation of the appellant's constitutional rights, and such order is hereby set aside and revoked. Armstrong v. State, supra; Warren v. Crane, 50 Mich. 300, 15 N.W. 465 (1883).
We are further of the opinion that the Circuit Court of Covington County was in error in revoking the appellant's probation following the hearing on February 20, 1980, based upon the mere fact that the appellant had been charged in an adjoining county with possession of stolen property. *852 Without dispute, these charges against the appellant had been dismissed in court following a hearing thereon. The action of the Circuit Court, using such charges as the basis of probation revocation was grossly in error, and such order is hereby overruled and set aside.
As stated by Judge Harris, speaking for a unanimous court, in Austin v. State, Ala.Cr. App., 375 So.2d 1295 (1979), "A cursory reading of the record in this cause is sufficient for a determination that the proceedings in the court below were wholly deficient under the above cited authorities."
We are of the opinion that the orders of the Circuit Court of Covington County of July 27, 1979, December 20, 1979, and February 21, 1980, and March 17, 1980, are erroneous. Each of these orders is hereby set aside and held for naught under the foregoing authorities. Levert v. State, Ala. Cr.App., 373 So.2d 1263 (1979); Austin v. State, Ala.Cr.App., 375 So.2d 1295 (1979); and Hill v. State, Ala.Cr.App., 350 So.2d 716 (1977).
For the foregoing reasons this cause is reversed and remanded.
REVERSED AND REMANDED.
HARRIS, P. J., and BOWEN, J., concur.
BOOKOUT, J., concurs in result.
DeCARLO, J., dissents with opinion.
DeCARLO, Judge, dissenting.
The Code of Alabama 1975, § 15-22-54, (a), (b) and (c), supra, clearly shows that a period of probation "may be continued, extended or terminated," as long as it does not exceed a period of five years in a case where the defendant was found guilty of a felony.
As the majority opinion recognizes, Armstrong v. State, supra, applies to proceedings involving revocations. The application of Armstrong, supra, to the facts in the present case is an extension of that case's purview which goes beyond its legal dictates.
Regarding the appellant's revocation, the majority opinion points out that, after a "pick-up order" was issued, a hearing was held. The appellant was represented by counsel, and the trial court held that the appellant had violated the terms of his probation.
The violation of appellant's terms of probation could have occurred at any place, and the court having original jurisdiction could have taken notice of the information.
All that is required by Armstrong, supra, is, (1) notice, (2) disclosure of incriminating evidence, (3) opportunity for appellant to be heard, (4) right of confrontation by appellant, (5) detached hearing body and, (6) written reasons for the revocation.
The majority opinion does not say that the requirements of Armstrong, supra, were not met at the time the appellant's probation was revoked. Under these circumstances, it is my judgment that the proceedings in the Covington Circuit Court were not "wholly deficient" under the above cited authorities.
For these reasons, I respectfully dissent.