The judgment of the circuit court revoking the defendant's probation is reversed. This appeal is submitted on an agreed statement of the facts and issues as provided by Rule 10 (e), Alabama Rules of Appellate Procedure.
 I
Since the defendant was not arrested on a warrant issued by the circuit court, and the probation officer failed to file a written report showing in what manner the defendant had violated probation, the circuit court had no jurisdiction to revoke her probation. Phillips v. State, 52 Ala. App. 297, 301,291 So.2d 751 (1973); Alabama Code 1975, Section 15-22-54. An arrest of the probationer, either on a warrant of arrest issued by the court or a written statement by a probation officer, is a prerequisite to revocation of probation. Sparks v. State,40 Ala. App. 551, 119 So.2d 596 (1959), cert. denied, 270 Ala. 488,119 So.2d 600 (1960). See also Bullock v. State, 392 So.2d 848
(Ala.Cr.App.), cert. denied, 392 So.2d 852 (1980).
 II
In September of 1978, the defendant was indicted for grand larceny. She was adjudged a youthful offender and was sentenced to two years probation in December of 1978. On the last day of this two-year term, the circuit court entered an order extending her probation "until further order." No further action was taken on this matter until her probation revocation hearing was held in May of 1982, almost three and one-half years after the defendant had been originally sentenced to probation.
"Code of 1975, Section 15-19-6 (a)(2) establishes the maximum probationary sentence or period allowable for a youthful offender, i.e., three years." Jackson v. State, 415 So.2d 1169
(Ala. 1982) (emphasis added). The term of probation must commence with sentencing. Jackson. Under Jackson, the defendant's probation could only be extended until December of 1982 — three years from the date of sentencing in December of 1978. Since the maximum three year statutory period of probation had already expired when the defendant's probation was revoked in May of 1982, the circuit court was without jurisdiction or authority to revoke that which had already expired by operation of law. Jackson; Brantley v. State,340 So.2d 901 (Ala.Cr.App.), cert. denied, 340 So.2d 902 (Ala. 1976).
 III
This case must also be reversed for failure of the circuit court to comply with Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975).
The judgment of the circuit court revoking the probation of the defendant and imposing a sentence of two years' imprisonment is hereby reversed and rendered.
REVERSED AND RENDERED.
HARRIS, P.J., and TYSON and BARRON, JJ., concur.
DeCARLO, J., concurs in result. *Page 936