On October 30, 1981, the appellant was convicted of burglary in the third degree and theft of property in the second degree. The trial judge then sentenced the appellant to one year and one day, suspended sentence. The appellant was placed on probation and the conditions of that probation were as follows: (1) that the appellant serve 60 days in the county jail; (2) that the appellant pay restitution in the amount of $300.00 to Roper's Jewelry; (3) that the appellant enter an alcohol abuse program and (4) that the appellant not engage in injurious habits. *Page 1036 
 I
The appellant claims that his period of probation had expired prior to the time the State filed its motion to revoke probation on April 13, 1983.
However, it seems clear that the appellant's probation period had not expired under State law. Section 15-22-54 (a) and (b) provides:
 (a) The period of probation or suspension of execution of sentence shall be determined by the court, and such period may be continued, extended or terminated; provided, that in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years. Upon the satisfactory fulfillment of the conditions of probation or suspension of sentence, the court shall by order duly entered on its minutes, discharge the defendant.
 (b) The court granting probation may, upon the recommendation of the officer supervising the probationer, terminate all authority and supervision over said probationer prior to the declared date of completion of probation upon a showing of continued satisfactory compliance with the conditions of probation over a sufficient portion of the period of said probation. (Emphasis added).
The appellant did not satisfactorily fulfill the conditions of his probation nor was there ever a formal discharge of theappellant from probation by order of the court under the above Code section.
Furthermore, there was not a showing of continued satisfactory compliance with the conditions of his probation over a period of time.
The only condition of probation that the appellant fulfilled was that he did attend an alcohol abuse program.
However, he did not serve his sixty (60) days in the county jail (he served only five [5] days), and he did not make restitution in the amount of $300.00 (he only paid $40.00). Further, at the hearing to revoke his probation the record below establishes that appellant engaged in these injurious habits: (1) Appellant was charged with DUI and arson in Autauga County, Alabama. (2) Appellant was charged in U.S. District Court (Middle District Alabama) with kidnapping. (3) Appellant also has a pending capital murder charge in the Circuit Court of Montgomery County, Alabama.
In view of the matters outlined above, the appellant has been accorded full due process at the probation revocation hearing in circuit court.
This cause is therefore affirmed.
AFFIRMED.
All the Judges concur.