Jerry Paul Watkins appeals from the revocation of his probation. The only issue on appeal is whether the trial court had jurisdiction to order the revocation.
The State's sole witness at the revocation hearing was Sheriff J.F. Welcher. The sum total of Welcher's testimony is that he was notified by the Georgia authorities that Watkins was serving time in Georgia for an aggravated assault. One of Welcher's deputies subsequently traveled to Augusta, Georgia, and picked up Watkins.
After the State rested, Watkins called Robert McCullough, a probation officer. Although McCullough was not the probation officer assigned to Watkins' case, he had brought to the hearing the file compiled by Watkins' probation officer. By referring to this file, McCullough testified that Watkins' probation officer, a Mr. Edwards, "in his report or in the file, showed (Watkins) was declared delinquent June 30 of '81. And, delinquent means that his time stops." Watkins' delinquency status "was entered in the computer in Montgomery in our central office." McCullough further stated:
 "Now, I don't know what the date of the delinquency report, of the report we are using here this morning. The last one we got, this is what we call the Court's *Page 162 
Order of arrest, because our regular forms, we don't like to send them out of state. We ask the Judge to sign a copy and this was signed October 11, 1983, in order for the Sheriff to be able to go get him."
The record discloses that Watkins pled guilty to possession of marijuana on May 1, 1978, and was sentenced to three years' imprisonment. On June 8, 1978, this sentence was suspended and Watkins was placed on probation for four years.
Watkins contends that the trial court lacked jurisdiction to revoke his probation because the bench warrant for his arrest was not issued until after the expiration of his probation period. The State counters with the argument that Edwards' (the probation officer) notation that Watkins was delinquent was sufficient to toll the running of Watkins' probation period.
The general rule is that a revocation proceeding must be initiated prior to the date of the offender's release from probation.
 "Just as wrongful conduct which is the basis of a revocation must generally occur during the period of probation or parole, the vast majority of American jurisdictions hold that revocation proceedings must be initiated prior to the date of the offender's release from probation or parole. What this means is that process sufficient to begin revocation proceedings must issue before the end of the probation or parole term. Jurisdictions have adopted a variety of ways to commence revocations. The most common methods include a summons, arrest warrant, warrantless arrest, show cause order, and a motion to revoke."
N. Cohen J. Gobert, The Law of Probation and Parole Section 11.01 at 525-26 (1983) (footnotes omitted) (emphasis added). See also Annot., 13 A.L.R.4th 1240 Sections 6-8 (1982).
Alabama Code Section 15-22-54 (c) provides: "At any timeduring the period of probation or suspension of execution of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence." (Emphasis added.) Under Section15-22-54 (d), a probationer may be arrested without a court issued warrant if the arresting officer has a written statement from a probation officer "setting forth that the probationer has, in (the probation officer's) judgment, violated the conditions of probation." If the arresting officer is also the probation officer, however, no such statement is necessary.Dietz v. State (Ms. 8 Div. 866, March 20, 1984) (Ala.Cr.App. 1984).
Section 15-22-54 (c) expressly applies only during the probation period. Although Section 15-22-54 (d) is not expressly limited to the probation period, that limitation is implicit in its wording — one is a probationer only during the period of probation. We think the clear intent of Section15-22-54 (c) and (d) is to require that an official act sufficient to begin revocation proceedings be done before the end of the probation period. The probation period is not tolled until this act occurs. See Peoples v. State, 439 So.2d 774
(Ala.Cr.App. 1983) (holding that, "(a)s a practical matter, the running of the period of probation must be considered tolled when a warrant of arrest for violation of probation is issued by the court", or when a probation officer has prepared a written statement in conformance with Section 15-22-54 (d) and delivered it to an officer with arrest powers along with a request to arrest the probationer).
Watkins' four-year period of probation was to have ended June 8, 1982. Clearly, the bench warrant dated October 11, 1983, was not issued within the probation period and, in view of the express language of Section 15-22-54 (c), was not valid.Hamilton v. State, 441 So.2d 1035 (Ala.Cr.App. 1983), holding that probation revocation proceedings may properly be initiated after the actual probation period has expired where there has been no formal discharge from probation, is not applicable in this case. Section 15-22-54 (a) provides *Page 163 
that the probation period "may be continued, extended or terminated; provided, that in no case . . . shall the maximumprobation period of a defendant guilty of a felony exceed fiveyears." (Emphasis added.) Watkins was placed on probation June 8, 1978. The maximum five-year period expired June 8, 1983, well before the bench warrant was issued.
The question in this case is whether the notation in the probation officer's file was sufficient to initiate revocation proceedings and toll the probation period. Determining whether a probation period has been tolled is very similar to determining whether the statute of limitations has been tolled. In criminal cases, the statute of limitations is tolled only when prosecution is commenced. See Alabama Code Sections15-3-1, 15-3-2 (1975); Bryant v. State, 158 Ala. 26, 48 So. 543
(1909). Prosecution may be commenced "by finding an indictment, the issuing of a warrant or by binding over the offender." Section 15-3-7. Obviously, a notation in the prosecutor's file that he intended to present the case to the Grand Jury or a notation in a police officer's file that a certain person committed the offense will not commence prosecution and thereby toll a statute of limitations.
By the same token, the probation officer's notation in his file that Watkins was delinquent simply was not sufficient to initiate revocation proceedings and toll the running of the probation period. Section 15-22-54 clearly requires some overt or affirmative act which will officially begin revocation proceedings. Even listing Watkins as delinquent in the Probation Office computer does not rise to this level. Since Watkins' probation period was never properly tolled, the trial court had no jurisdiction to revoke that probation almost one and one-half years after its expiration. See Wilson v. State,417 So.2d 627 (Ala.Cr.App. 1982).
We note that McCullough mentioned in his testimony that a warrant was issued for Watkins' arrest on November 7, 1980. That warrant, however, is not in the record before us and the State has made no argument that it tolled the running of Watkins' probation period. Even if this warrant were properly before us and even if we determined that it tolled the probation period, a reversal would still be necessary in this case. The record is totally devoid of any evidence other than hearsay concerning Watkins' Georgia conviction. While the formal rules of evidence do not have to be strictly adhered to in a probation revocation hearing, Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Bullock v. State, 392 So.2d 848
(Ala.Cr.App. 1980), cert. denied, 392 So.2d 852 (Ala. 1981), "Hearsay information may not be used to furnish the sole basis of the revocation." Berry v. State, 417 So.2d 609, 610
(Ala.Crim.App. 1982); Hill v. State, 350 So.2d 716 (Ala.Cr.App. 1977).
For the reasons stated above, the judgment of the circuit court revoking Watkins' probation is reversed.
REVERSED AND REMANDED.
All Judges concur.