486 So.2d 1330 (1986)
George SHERER
v.
STATE.
6 Div. 862.
Court of Criminal Appeals of Alabama.
March 25, 1986.
Joel Robinson, Jasper, for appellant.
Charles A. Graddick, Atty. Gen., and Robert B. Rinehart, Asst. Atty. Gen., for appellee.
TYSON, Judge.
On June 21, 1982, George Sherer pled guilty to the offense of burglary in the third degree. He was sentenced to three years' imprisonment, sentence suspended pending a hearing on his application for probation. On August 9, 1982 an order of probation was issued by the trial court. The trial court's order reads in part:
"The defendant having applied for the benefits of probation within one day after sentence and the Court having examined the cause, it is ORDERED, ADJUDGED, and DECREED that the said sentence is hereby suspended and that the said defendant is probationed on this date for a period of 28 months."
. . . . .
"Pursuant to split sentence statute defendant to serve 8 months in the Walker County Jail and remainder of sentence is placed on probation." (R. 47).
On October 3, 1983, the trial court notified the appellant that a probation revocation *1331 hearing was to be held on October 12, 1983. The appellant was charged with criminal mischief in the second degree, failure to report and failure to pay the supervision fee. The criminal mischief charge was dropped and on October 12, 1983 the trial court heard evidence on the other two charges. The trial court then took the matter under advisement.
On April 11, 1985 the trial court extended the appellant's probation period to April 22, 1987 based on the October 12, 1983 hearing.
On July 30, 1985 the appellant was again notified of a probation revocation hearing. The appellant was charged with illegal entry, failure to pay supervision fee, failure to make restitution and leaving the State without permission. On August 6, 1985 a hearing was held on these charges. After hearing the evidence on these charges, the trial judge found the appellant guilty of leaving the State without permission and revoked probation. The appellant now appeals from the trial judge's decision revoking his probation.

I
The appellant was placed on 28 months' probation by the trial judge. Although it is not clear from the record as to when the period of probation began, we shall assume, for purposes of our discussion, that it began on August 9, 1982, the date the order of probation was issued. Based on this assumption, the appellant's probation would have ended December 9, 1984.
The appellant contends on appeal that the trial court lacked jurisdiction to revoke the appellant's probation because the proceedings to revoke probation were not initiated prior to December 9, 1984. This argument must fail for two reasons.
First, in Hamilton v. State, 441 So.2d 1035 (Ala.Crim.App.), cert. denied, 441 So.2d 1035 (Ala.1983), this court held "... that probation revocations may properly be initiated after the actual period of probation has expired where there has been no formal discharge from probation." Watkins v. State, 455 So.2d 160, 162 (Ala. Crim.App.), cert. denied, 455 So.2d 160 (Ala.1984). Relying on § 15-22-54(a), this court stated in Hamilton, supra, that under State law, the period of probation does not end until the probationer has satisfactorily fulfilled the conditions of his probation or when he receives a formal discharge from the trial court.
Section 15-22-54(a), Code of Alabama 1975 provides:
"The period of probation or suspension of execution of sentence shall be determined by the court, and such period may be continued, extended or terminated; provided, that in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years. Upon the satisfactory fulfillment of the conditions of probation or suspension of sentence, the court shall, by order duly entered on its minutes, discharge the defendant."
The record shows that the appellant had not made restitution in this case. (R. 25). Restitution was a condition of his probation. Thus, since the appellant had not satisfactorily fulfilled the conditions of his probation, his probation period had not expired at the time when the State initiated the proceedings to revoke probation in July of 1985.
The appellant cites us to Watkins, supra, as authority for a reversal on this issue. The facts of Watkins are easily distinguishable from the case at bar. In Watkins, the probation revocation proceedings did not begin within the maximum five-year period of probation for a felony defendant set out in § 15-22-54(a). The maximum five-year probation period for this appellant would not end until August 9, 1987. Thus, the probation revocation proceedings were initiated before the end of this five-year period.
*1332 Secondly, the first proceedings to revoke this appellant's probation began in September of 1983, some 14 months prior to the end of the 28-month probation period. A hearing was held in October of 1983 on this matter. Although the court did not rule on this matter until April of 1985, the court did extend the appellant's probation period until April of 1987, still within the maximum five-year limit.
The second proceedings to revoke the appellant's probation were initiated prior to the expiration of the appellant's probation period which had been extended in April of 1985 until April of 1987.
Therefore, we hold that the trial court did have jurisdiction over this matter since the probation revocation proceedings were initiated prior to the expiration of his period of probation.
The appellant's probation continued after the initial period of probation expired, until he satisfactorily fulfilled the conditions of his probation, received a formal discharge from probation or the five-year maximum period passed.

II
The appellant asserts that the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) were not met when the trial judge extended his probation in April of 1985. Armstrong, supra, held that a probationer must be afforded due process before his probation may be revoked. In Bullock v. State, 392 So.2d 848 (Ala.Crim. App.1980), this court stated that the principles of Armstrong are applicable in proceedings which extend the probation period. The conditions which must be met in these proceedings are as follows:
"`1. Written notice of the claimed violation of parole.
"`2. Disclosure to parolee of evidence against him.
"`3. Opportunity to be heard in person and to present witnesses and documentary evidence.
"`4. The right to confront and cross-examine adverse witnesses.
"`5. A neutral and detached hearing body, such as a parole board.
"`6. A written statement by the judge as to evidence relied on and reasons for revoking parole.'"
Bullock, supra at 851.
While the record is not clear that all of these conditions were met, it is unnecessary for us to reverse this case on this issue.
The appellant could have appealed the trial court's decision extending his probation, as was done in Bullock, supra. He chose not to challenge this decision until his probation was revoked.
Moreover, our decision on the first issue renders this contention moot. Because the appellant's probation period continued as long as "he had not fulfilled the conditions of his probation," whether the formal extension of his probation was valid is irrelevant.
Further, Bullock, supra, was a case which required the appellant to remain outside the State of Alabama, except for two brief periods, and no notice was given the appellant, nor an opportunity to appear.

III
The appellant contends that the State presented insufficient evidence to prove that he had breached a condition of his probation.
A condition of the appellant's probation was that he remain within the State of Alabama. (R. 47). The appellant's probation officer, Wheeler Pounds, testified that the appellant admitted to him that he left the State of Alabama and went to Atlanta, Georgia. The appellant testified that he did not tell Pounds that he had left the State of Alabama.
"Proof beyond a reasonable doubt or preponderance of the evidence are not standards to be applied in determining whether *1333 probation should be revoked. `The trial judge must only be reasonably satisfied that the probationer has violated the conditions of his probation.' Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620 (1975)." Moore v. State, 432 So.2d 552, 553 (Ala.Crim.App.1983).
Wheeler Pounds' testimony clearly allows the trial judge to be reasonably satisfied that the appellant left the State of Alabama in violation of the conditions of his probation. The trial judge did not abuse his discretion by revoking this appellant's probation.
For the reasons shown, this cause is affirmed.
AFFIRMED.
TAYLOR and PATTERSON, JJ., concur.
BOWEN, P.J., dissents with opinion in which McMILLAN, J., joins.
BOWEN, Presiding Judge, dissenting.
I dissent. The majority recognizes that the proceedings to extend revocation did not comply with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Bullock v. State, 392 So.2d 848 (Ala.Cr.App.1980). I find the majority's reasons for disregarding Bullock, supra, insufficient.