On February 26, 1987 the appellant, Brenda Joyce Ward, pleaded guilty to theft of property in the third degree, a misdemeanor, for shoplifting. She was sentenced to one year; sentence was suspended and she was placed on two years' probation, fined $100, and ordered to stay out of K-Mart stores for two years. On April 3, 1987, appellant Ward was again arrested for stealing merchandise from K-Mart.
The state filed a motion to revoke probation stating: "Charge # 1: New Arrest for Theft of Property 2nd." Notice of a probation revocation hearing was served on appellant on April 7, 1987. The probation revocation hearing was held on June 29, 1987. At the hearing Ward argued, through counsel, that her initial guilty plea was unlawful because there was no colloquy as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969). She further argued that, since her conviction and sentence were based on an imperfectly taken guilty plea, there could be no revocation of her probation. This objection was overruled and a hearing was held. At its conclusion, the trial court revoked Ward's probation and remanded her to the custody of the sheriff to serve one year. The appellant's counsel and the assistant district attorney entered into the following "Stipulation of Facts":
 "Come now the parties in the above-styled cause and hereby stipulate and agree to the following facts in the above-styled cause:
 "1. That on February 3, 1987, an Affidavit was sworn to in the District Court of Mobile County charging the defendant Brenda Joyce Ward with theft of property in the second degree, a Class C Felony.
 "2. That on February 26, 1987, the defendant Brenda Joyce Ward plead to the affidavit on the amended charge of theft of property in the third degree, a Class A Misdemeanor.
 "3. That prior to the acceptance of the defendant's guilty plea, there was no colloquy conducted between the trial court and the defendant as set out in Boykin v. Alabama, 395 U.S. 238, 98 [89] S.Ct. 1709, 23 L.Ed.2d 274 (1969) to determine the voluntariness of the defendant's guilty plea.
 "4. After the acceptance of the guilty plea, the defendant was sentenced to one year suspended for 2 years and fined $100.00 plus costs of court plus the defendant was to remain out of K-Marts for the period of the suspension.
 "5. On April 3, 1987, the State filed a motion to revoke the defendant's probation stating that on February 26, 1987 the defendant had been convicted of theft of property 3rd and placed on probation for a period of 2 years, said probation to expire on 02-26-89, and that the defendant was now charged with a new arrest for theft of property 2nd.
 "6. On June 29, 1987, a hearing was held on the motion to revoke probation. At the hearing, trial counsel for the defendant objected to the revocation of probation on the ground that the defendant's guilty plea was invalid because there had been no colloquy between the defendant and the trial court as required by Boykin, supra, and that therefore the defendant's guilty plea had not been voluntary and she had not waived her constitutional rights. Trial counsel further objected that because the defendant's guilty plea was invalid, there could be no revocation of probation based on the plea. This objection was overruled and after a hearing the trial court revoked the defendant's probation, set aside the suspended sentence and remanded the defendant to the custody of the sheriff for one year."
On appeal, Ward makes two points.
 I
Ward presents the issue of whether the absence of aBoykin colloquy makes a guilty plea, judgment, and sentence absolutely *Page 782 
void. We view this issue, however, as being one of finality of judgments. A judgment must at sometime be final. This judgment became final. A final judgment is challengeable only for jurisdictional defects.
In this case, the indictment was sufficient to give the court jurisdiction over the person and the subject matter — a criminal prosecution for theft. There was no jurisdictional infirmity in the final judgment of the court. Even if a timely appeal had been perfected, the issue was not preserved. This court has addressed the issue of subsequent attacks on a guilty plea in Willis v. State, 500 So.2d 1324 (Ala.Cr.App. 1986), and in Johnson v. State, 480 So.2d 14 (Ala.Cr.App. 1985), in which we said that "before an issue raising the validity of a guilty plea is cognizable in this court, the issue must be firstpresented to the trial court by timely objection, a motion to withdraw the guilty plea, or motion for new trial." Willis,supra. Furthermore, the presentation to the trial court through one of these procedures must be done within the lawful time frame. An objection must be made before pronouncement of thesentence. A motion to withdraw the guilty plea must be filed no later than thirty days after imposition of the sentence. Boykinv. State, 361 So.2d 1158 (Ala.Cr.App. 1978). A motion for new trial must be filed no later than thirty days after sentence. Rule 13(a)(2), Ala.Temp.R.Crim.P. Finally, a direct appeal from final judgment must be made forty-two days from the pronouncement of the sentence. Rule 4(b)(1), Ala.R.App.P. The judgment and sentence of the court were not void, but valid.
 II
Ward further contends that the trial court had no jurisdiction to revoke her probation because of a failure to comply with the jurisdictional prerequisites to revoke probation. We must agree.
The state, through the district attorney, moved to revoke probation. Thereupon, a magistrate of the district court signed and issued a document entitled "Notice of Probation Revocation Hearing." This document is in no way an arrest warrant such as is contemplated by § 15-22-54, Code of Alabama 1975. Attached to this document was an affidavit showing the original February arrest and charge of Brenda Joyce Ward in the case to which she had already pleaded guilty. This document is not a "written statement by [the] probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation."
Section 15-22-54(c) and (d), Code of Alabama 1975, provide as follows:
 "(c) At any time during the period of probation or suspension of execution of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence.
 "(d) Except as provided in chapter 15 of Title 12 of this Code, any probation officer, police officer or other officer with power of arrest, upon the request of the probation officer, may arrest a probationer without a warrant. In case of an arrest without a warrant, the arresting officer shall have a written statement by said probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation, and said statement shall be sufficient warrant for the detention of said probationer in the county jail or other appropriate place of detention until such probationer shall be brought before the court. Such probation officer shall forthwith report such arrest and detention to the court and submit in writing a report showing in what manner the probationer has violated probation. Thereupon, the court, after a hearing, may revoke the probation or suspension of execution of sentence and shall proceed to deal with the case as if there had been no probation or suspension of execution of sentence." (Emphasis added.)
There was no arrest: 1) on a warrant, or 2) with a written statement of the probation officer. The court, therefore, never acquired jurisdiction.
This case is governed by Dietz v. State, 474 So.2d 127 (Ala. 1985). See also, Wilson *Page 783 v. State, 417 So.2d 627 (Ala.Cr.App. 1982); Phillips v. State,52 Ala. App. 297, 291 So.2d 751 (Ala.Cr.App. 1973). The court's procedure failed to comply with the law. The order revoking probation is hereby reversed and the cause remanded for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
All the Judges concur.