552 So.2d 879 (1989)
Annette YOUNG
v.
STATE.
5 Div. 521.
Court of Criminal Appeals of Alabama.
September 29, 1989.
Randall S. Haynes of Radney & Morris, Alexander City, for appellant.
Don Siegelman, Atty. Gen., and Patrick L. Roberts, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
Annette Young appeals from the order of the circuit court revoking her probation. The following dates and facts are relevant to a determination of this issue:
November 16, 1984Defendant was convicted of a violation of the Controlled Substances Act and given a three-year split sentence, with 15 days to serve and the remainder on probation.
December 10, 1984Defendant was placed on probation.
September 22, 1987Defendant's probation was extended for one year, until November 25, 1988, upon a finding by the circuit court that she had violated the terms of her probation by carrying a pistol on premises not her own.
September 2, 1988Acting on information from a confidential informant that the defendant was selling drugs from her residence, Lanett police officers set up a controlled buy of cocaine from the defendant. They obtained a search warrant, discovered 8.446 grams of cocaine, drug paraphernalia, and almost $2000 in cash in defendant's residence. Defendant was arrested pursuant to a warrant charging unlawful distribution of a controlled substance and taken to the Chambers *880 County jail, where she remained at all times relevant to this case.
September 14, 1988Defendant's probation officer executed a "Supervisor's Report on Delinquent Probationer," alleging that defendant had violated the terms of her probation by committing a new controlled substances offense.
September 23, 1988The probation officer sent the circuit court a copy of his "Supervisor's Report on Delinquent Probationer," lodged a probation violation warrant against the defendant, and asked the court to set a probation revocation hearing. The trial court set the revocation hearing for October 7, 1988.
October 20, 1988The October 7 hearing having been continued due to the absence of defense counsel, a new hearing was set for November 23, 1988.
December 5, 1988The November 23 hearing having been continued due to the absence of defense counsel, a new hearing was set for December 20, 1988.
December 16, 1988Defendant was served with a copy of the charges of probation violation and notified of the December 20 hearing.
December 20, 1988After a hearing at which the court heard evidence that defendant had committed a new crime on September 2, 1988, the court revoked defendant's probation.
The defendant claims that the trial court had no jurisdiction to revoke her probation because her probationary period expired before the State initiated revocation proceedings. She argues that because she was not arrested for probation violation under either subsection (c) or subsection (d) of § 15-22-54, Code of Alabama 1975, before her period of probation ended, her probationary period was not tolled, she was no longer a "probationer" at the time of the December 20 hearing, and the court had no authority to issue a revocation order.
We hold that her period of probation did not end on November 25, 1988; it was due to expire on November 25, 1989. "[U]nder state law, the period of probation does not end until the probationer has satisfactorily fulfilled the conditions of his probation or [until] he receives a formal discharge from the trial court," Sherer v. State, 486 So.2d 1330, 1331 (Ala.Cr.App.1986); Hamilton v. State, 441 So.2d 1035, 1036 (Ala.Cr.App. 1983). "Section 15-22-54(a) provides that the probation period `may be continued, extended or terminated; provided, that in no case ... shall the maximum probation period of a defendant guilty of a felony exceed five years." Watkins v. State, 455 So.2d 160, 162-63 (Ala.Cr.App.1984) (emphasis added by the Watkins court). "[P]robation revocation proceedings may properly be initiated after the actual probation period has expired where there has been no formal discharge from probation." Watkins, 455 So.2d at 162; Hamilton, supra. The record here shows that defendant had not satisfactorily fulfilled the conditions of her probation, that she had not received a formal discharge, and that the maximum five-year period of probation had not ended at the time her probation was revoked.[1] Therefore, under the reasoning of Sherer, Hamilton, and Watkins, defendant's probation had not yet expired at the time of the revocation order.
We also hold that, even using a November 25, 1988, expiration date for defendant's probationary period, the State initiated revocation proceedings and thus tolled the running of the probationary term prior to its expiration so that the court had jurisdiction to revoke probation.
"[P]rocess sufficient to begin revocation proceedings must issue before the end of the probation ... term. N. Cohen & J. Gobert, The Law of Probation and Parole § 11.01 at 525-26 (1983)." Watkins v. State, 455 So.2d at 162. The question here is what "process" is necessary in order to begin revocation proceedings. "Jurisdictions *881 have adopted a variety of ways to commence revocation. The most common methods include a summons, arrest warrant, warrantless arrest, show cause order, and a motion to revoke." Watkins v. State, 455 So.2d at 162 (quoting Cohen & Gober, id.). See also W. LaFave & J. Israel, 3 Criminal Procedure § 25.4(b) (1984); Annot., 13 A.L.R.4th 1240 §§ 6-8 (1982).
"Section 15-22-54 clearly requires some overt or affirmative act which will officially begin revocation proceedings." Watkins v. State, 455 So.2d at 163 (emphasis added). That "overt or affirmative act," however, need not always be an arrest as outlined in subsections (c) and (d) of § 15-22-54.
Subsections (c) and (d) provide the following:
"(c) At any time during the period of probation or suspension of execution of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence.
"(d) Except as provided in chapter 15 of Title 12 of this Code, any probation officer, police officer or other officer with power of arrest, upon the request of the probation officers, may arrest a probationer without a warrant. In case of an arrest without a warrant, the arresting officer shall have a written statement by said probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation, and said statement shall be sufficient warrant for the detention of said probationer in the county jail or other appropriate place of detention until such probationer shall be brought before the court. Such probation officer shall forthwith report such arrest and detention to the court and submit in writing a report showing in what manner the probationer has violated probation. Thereupon, the court, after a hearing, may revoke the probation or suspension of execution of sentence and shall proceed to deal with the case as if there had been no probation or suspension of execution of sentence."
These subsections outline two methods of arresting one who is at liberty on probation.
"It is clear from a reading of this whole section that the warrant thus authorized is one looking toward regaining custody of the probationer for determining whether his probation should be revoked and the original sentence be ordered executed, for this section thereafter provides as to who may arrest the probationer and what papers are prerequisite to a lawful arrest...." McCain v. Sheppard, 33 Ala.App. 431, 432, 34 So.2d 225, 226 (1948) (emphasis added).
In Ex parte Dietz, 474 So.2d 127, 128 (Ala. 1985), our Supreme Court observed:
"It is settled law that a probationer has a conditional liberty interest protected by the Fourteenth Amendment to the United States Constitution. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). This liberty `is valuable and must be seen as within the protection of the Fourteenth Amendment. Its termination calls for some orderly process, however informal.' Id., at 482, 92 S.Ct. at 2601.'"
"[T]he [probationer] is entitled to retain his liberty as long as he substantially abides by the conditions of his [probation]." Morrissey v. Brewer, 408 U.S. 471, 479, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972). Thus, if the probationer is at liberty and would otherwise remain at liberty in the absence of allegations that he had violated his probation, there must be an arrest pursuant to § 15-22-54 in order to begin revocation proceedings. Compliance with the arrest provisions of that statute is "the means whereby the probation officer secures lawful custody." Ex parte Dietz, 474 So.2d at 129 (emphasis added).
If, however, the probationer is not at liberty when his probation violation is discovered, and he is already in lawful custody as a result of some other proceeding (such as an arrest for another offense), the method of detention authorized by § 15-22-54(c) or (d) is "not necessary under *882 the circumstances to secure [his] arrest." Jent v. State, 495 So.2d 123, 125 (Ala.Cr. App.1986) (wherein custody of probationer was lawfully obtained by virtue of § 15-10-3, a warrantless arrest upon probable cause to believe that probationer had committed felony assault). Compare Jordan v. State, 481 P.2d 185 (Okla.Cr.App. 1971), wherein the court held that failure to comply with a statute (similar to § 15-22-54) directing issuance of a probation violation warrant did not divest the court of jurisdiction to revoke. The Jordan court noted:
"It is true that [the statute] sets out a procedure by which the Division of Probation and Parole can issue a warrant for the arrest of a probationer.... However, we find no indication from the statutes that this was intended to be an exclusive method to arrest and confine a probationer when revocation ... is sought." 481 P.2d at 186.
Sections 15-22-54(c) and (d) provide a method of detaining a probationer who is at liberty and depriving him of that liberty pending a revocation hearing. See Ex parte Dietz, 474 So.2d at 131. They do not, however, provide the only means of "initiating" revocation proceedings for a probationer who has already been lawfully deprived of his liberty on some other ground. The statute simply does not address itself to the methods for initiating revocation proceedings for those already incarcerated. It is concerned solely with outlining the proper procedure for the detention of a probationer who is not in custody, as evidenced by the subsection (d) provision that the probation officer's statement "shall be sufficient warrant for the detention of said probationer." Ala.Code 1975, § 15-22-54(d).
We acknowledge that many of our probation revocation cases contain the statement that compliance with the arrest provisions of § 15-22-54(c) or (d) is a "jurisdictional prerequisite to revocation of probation." See, e.g., Wilson v. State, 417 So.2d 627, 628 (Ala.Cr.App.1982); Phillips v. State, 52 Ala.App. 297, 301, 291 So.2d 751, 754 (1973). In some of those cases, the facts indicate that the probationers were at liberty and compliance with the means of detention set out in § 15-22-54(c) and (d) was thus necessary. See, e.g., Wilson v. State, 417 So.2d 627 (probationer apparently at liberty pursuant to a youthful offender adjudication). Other cases have not addressed the particular issue presented here. See Ward v. State, 527 So.2d 780 (Ala.Cr. App.1988); Kiker v. State, 524 So.2d 384 (Ala.Cr.App.1988).
This court has implicitly recognized that the arrest provisions of § 15-22-54 are not the only means of initiating a revocation proceeding. In Watkins v. State, we stated that "some overt or affirmative act which will officially begin revocation proceedings is required," and we discussed actsother than arrestwhich might toll the running of the probationary term. 455 So.2d at 163. In Hamilton v. State, we were presented with the issue whether the State's "motion to revoke" was timely filed before expiration of the probationary term, and we decided the case on that basis, without mentioning the arrest provisions of § 15-22-54. 441 So.2d at 1036. In Sherer v. State, we held that "the State initiated the proceedings to revoke probation in July of 1985 when it notified the probationer of his revocation hearing and apprised him of the charges against him." 486 So.2d at 1331. There was no discussion of the § 15-22-54 arrest provisions.
We hold in the present case that the State initiated revocation proceedings and the defendant's probationary term was tolled when, on September 23, 1988, the probation officer sent the circuit court a copy of the "Supervisor's Report on Delinquent Probationer," and asked the court to set a probation revocation hearing. We note that the probation officer testified that, on this same date, he "placed a probation violation warrant against" the defendant. Although there was no showing that this warrant was ever issued, or "delivered to an officer with power of arrest, together with the request of the probation officer that the probationer be arrested," Peoples v. State, 439 So.2d 774, 775 (Ala.Cr.App. 1983); Kiker v. State, 524 So.2d 384, 386 *883 (Ala.Cr.App.1988), in view of the fact that defendant was already lawfully incarcerated, it was not necessary to have the warrant issued in order to obtain lawful custody of the defendant. See Jent v. State, supra.

Gagnon v. Scarpelli, supra, and Armstrong v. State, 294 Ala. 100, 312 So.2d 620, 622 (1975), require that a probationer be given "written notice ... of the claimed violation of probation." Although defendant was not served with written notice until December 16, four days before the revocation hearing, there is no specific time requirement for notice, only that it "must be served sufficiently in advance of scheduled court proceedings so that defendant has a reasonable opportunity to prepare." W. LaFave & J. Israel, Criminal Procedure § 25.4(b) at 158. In the present case, four days was reasonable, particularly in view of the fact that the circuit court inquired of defense counsel, prior to the revocation hearing, "Do you need any additional time to prepare for the hearing?" and counsel responded in the negative.
The order of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
NOTES
[1] Under Alabama's "split sentence act," Ala.Code 1975, § 15-18-8, a defendant may be sentenced to a term of imprisonment of up to three years and then placed on probation for the entire remainder of the sentence, even if the sentence is 15 years. Hatcher v. State, 547 So.2d 905 (Ala.Cr.App.1989).