Anthony Lamar Patterson appeals from the revocation of his probation.
On August 11, 1989, the appellant pleaded guilty to theft of property in the second degree, in violation of § 13A-8-4, Codeof Alabama 1975. He was sentenced to 15 years in the state penitentiary, but that sentence was suspended. He was ordered to serve two years in an institution, with the remainder of the sentence to be suspended, and he was placed on five years' probation. His sentence was entered pursuant to § 15-18-8, Codeof Alabama 1975.
While incarcerated at Frank Lee Youth Center, the appellant was found to have violated two rules of the Alabama Department of Corrections. The warden notified the trial court of these violations and requested revocation of the appellant's probation. On February 9, 1990, a hearing was held at the request of the State and probation was revoked. The original 15-year sentence then became the operable sentence.
The appellant raises two issues on appeal.
 I
The appellant first contends that there was no legal basis to revoke his probation, as no probation officer filed a report of *Page 509 
probation violation. More specifically, the appellant argues that § 15-22-54, Code of Alabama 1975, requires some overt or affirmative act by a probation officer to officially begin revocation proceedings. Since this procedure was not followed, the appellant asserts that the judgment of the trial court is due to be reversed.
 "The question here is what 'process' is necessary in order to begin revocation proceedings. 'Jurisdictions have adopted a variety of ways to commence revocation. The most common methods include a summons, arrest warrant, warrantless arrest, show cause order, and a motion to revoke.' Watkins v. State, 455 So.2d [160] 162 [(Ala.Cr.App. 1984)] (quoting Cohen Gober, id.). See also W. LaFave Israel, 3 Criminal Procedure § 25.4(b) (1984); Annot., 13 A.L.R. 4th 1240 §§ 6-8 (1982).
". . . .
 "If . . . the probationer is not at liberty when his probation violation is discovered, and he is already in lawful custody as a result of some other
proceeding (such as an arrest for another offense), the method of detention authorized by § 15-22-54(c) or (d) is 'not necessary under the circumstances to secure [his] arrest.' Jent v. State, 495 So.2d 123, 125 (Ala.Cr.App. 1986) (wherein custody of probationer was lawfully obtained by virtue of § 15-10-3, a warrantless arrest upon probable cause to believe that probationer had committed felony assault). Compare Jordan v. State, 481 P.2d 185
(Okla.Cr.App. 1971), wherein the court held that failure to comply with a statute (similar to § 15-22-54) directing issuance of a probation violation warrant did not divest the court of jurisdiction to revoke. The Jordan court noted:
 " 'It is true that [the statute] sets out a procedure by which the Division of Probation and Parole can issue a warrant for the arrest of a probationer. . . . However, we find no indication from the statutes that this was intended to be an exclusive method to arrest and confine a probationer when revocation . . . is sought.' 481 P.2d at 186.
 "Sections 15-22-54(c) and (d) provide a method of detaining a probationer who is at liberty and depriving him of that liberty pending a revocation hearing. See Ex parte Dietz, 474 So.2d [127] at 131 [(Ala. 1985)]. They do not, however, provide the only means of 'initiating' revocation proceedings for a probationer who has already been lawfully deprived of his liberty on some other ground. The statute simply does not address itself to the methods for initiating revocation proceedings for those already incarcerated. It is concerned solely with outlining the proper procedure for the detention of a probationer who is not in custody, as evidenced by the subsection (d) provision that the probation officer's statement 'shall be sufficient warrant for the detention of said probationer.' Ala. Code 1975, § 15-22-54(d).
 "We acknowledge that many of our probation revocation cases contain the statement that compliance with the arrest provisions of § 15-22-54(c) or (d) is a 'jurisdictional prerequisite to revocation of probation.' See, e.g., Wilson v. State, 417 So.2d 627, 628
(Ala.Cr.App. 1982); Phillips v. State, 52 Ala. App. 297, 301, 291 So.2d 751, 754 (1973). In some of those cases, the facts indicate that the probationers were at liberty and compliance with the means of detention set out in § 15-22-54(c) and (d) was thus necessary. See e.g., Wilson v. State, 417 So.2d 627 (probationer apparently at liberty pursuant to a youthful offender adjudication). Other cases have not addressed the particular issue presented here. See Ward v. State, 527 So.2d 780
(Ala.Cr.App. 1988); Kiker v. State, 524 So.2d 384
(Ala.Cr.App. 1988).
 "This court has implicitly recognized that the arrest provisions of § 15-22-54 are not the only means of initiating a revocation proceeding. In Watkins v. State, we stated that 'some overt or affirmative act which will officially begin revocation proceedings is required,' and we discussed acts — other than arrest — which might toll the running of the probationary term. 455 So.2d at 163. In Hamilton v. State [441 So.2d 1035 *Page 510 
(Ala.Cr.App. 1983)], we were presented with the issue whether the State's 'motion to revoke' was timely filed before expiration of the probationary term, and we decided the case on that basis, without mentioning the arrest provisions of § 15-22-54. 441 So.2d at 1036. In Sherer v. State [486 So.2d 1330
(Ala.Cr.App. 1986)], we held that 'the State initiated the proceedings to revoke probation in July of 1985 when it notified the probationer of his revocation hearing and apprised him of the charges against him.' 486 So.2d at 1331. There was no discussion of the § 15-22-54 arrest provisions."
Young v. State, 552 So.2d 879, 880-82 (Ala.Cr.App. 1989).
In the case at bar, the appellant's probation revocation occurred while the appellant was incarcerated and before the start of his probationary period. Since the appellant had not yet begun his probation, he had not been appointed a probation officer. Thus, it was impossible for a probation officer to be aware of any rule violations committed by the appellant while at Frank Lee Youth Center. Therefore, contrary to the appellant's contention, the trial court had the authority to conduct a hearing and subsequently to revoke the appellant's probation after the Department of Corrections notified the court of the appellant's conduct. See § 14-3-9(a), Code of Alabama 1975.
 II
The appellant also contends that his probation was incorrectly revoked because, he argues, his conduct, which resulted in several prison disciplinary proceedings against him, was not violative of any express or implicit terms of his probation. More specifically, the appellant argues that although his probation order expressly provided that he "not violate any federal, state or local law," the violation of prison disciplinary rules is not a violation of the law and that "the rules and regulations of the Department of Corrections cannot . . . be elevated to the force of law." Therefore, the appellant asserts, even if he were to have broken all of the rules at Frank Lee Youth Center, he would not be guilty of breaking a "law" and, consequently, his probation could not be revoked.
We reserve judgment on this issue because, after a careful review of the record, we note that the only indications of the trial court's revocation order are contained in the court's minute entry and the case action summary. These parts of the record are of no help to this court in addressing the merits of the appellant's contention. Thus, we deem it necessary to remand this case to the trial court for preparation of a revocation order in full compliance with Armstrong v. State, 312 So.2d 620 (Ala. 1975). See also Exparte Helton, [Ms. 89-866, Aug. 10, 1990] (Ala. 1990).
For the reason stated above, this case is remanded to the Jefferson County Circuit Court; a revocation order should be filed with this court within a reasonable time, not to exceed 90 days from the release of this opinion. All other matters are reserved.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.