FRY, Judge.
The appellant, Lawrence Dewayne Wilson, was convicted on January 25, 1993, of unlawful possession of a controlled substance. Wilson did not appeal his conviction. While serving the probationary period of his sentence, Wilson violated a condition of his probation and the circuit court revoked his probation. On November 2, 1998, Wilson filed a Rule 32 petition, Ala.R.Crim.P., attacking the revocation of his probation. In his petition, Wilson claimed that the trial court was without jurisdiction to conduct a probation revocation hearing and then to revoke his probation because, he said, at the time his probation was revoked his period of probation had ended. The circuit court summarily dismissed his petition.
In his petition, Wilson alleged the following:
“Petitioner was due to be discharged on April 25, 1998, which in essence was three (3) months past the maximum probationary period of five (5) years. The supervisor’s report on delinquency was prepared on April 28, 1998, three (3) days after the termination of the Petitioner’s maximum time period, and was filed in court on June 15, 1998, one (1) month and fifteen (15) days past the Petitioner’s maximum time.”
(C.R.10.)
Section 15-22-54, Ala.Code 1975, provides that a probationary period may be “continued, extended, or terminated, ... provided, that in no case ... shall the maximum probation period of a defendant guilty of a felony exceed five years.” Smitherman v. State, 639 So.2d 569 (Ala.Cr.App.1993). However, the mere fact that an appellant’s probation was revoked at a point beyond the five-year period from sentencing does not alone establish that the trial court was without jurisdiction to revoke his probation. A probationary period does not end until the probationer has successfully fulfilled the conditions of his probation or until he has received a formal discharge from the trial court. Young v. State, 552 So.2d 879 (Ala.Cr.App.1989).
In his petition, Wilson admitted that his probation had been extended four times due to various violations. However, we are unable to determine from the record before us whether these violations tolled the probationary period and whether the court continued to have jurisdiction. See Young, supra. Therefore, in the interest *266 of fundamental fairness, we conclude that Wilson may have presented a facially meritorious claim, and we remand this case to the circuit court to make written findings of fact regarding the merits of the claim. The circuit court may, if necessary, hold an evidentiary hearing on this matter. A return to remand shall be filed with this Court within 42 days of this opinion.
REMANDED WITH INSTRUCTIONS. *
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

 Note from the reporter of decisions: On February 4, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.