The appellant's probation was revoked and a two-year prison sentence placed into effect. This is an appeal from that revocation of probation.
Appellant had pleaded guilty to burglary and grand larceny. He was sentenced to two years' imprisonment but that sentence was suspended. Ninety days of his sentence was required to be served in the county jail and upon release the appellant was to be on supervised probation for a period of three years. The probation is understood to have begun on September 9, 1979 and was to have concluded on September 9, 1982.
After appellant was placed on probation, a charge was brought against him for forging or altering a drug prescription and he was placed in the Jacksonville, Alabama, jail. The judge who had originally placed the appellant on probation, thereupon had a warrant of arrest issued from the court directing the appellant's arrest and requiring him to be brought before the court to show cause why his probation should not be revoked. The arrest warrant was not executed until October 25, 1982. The appellant made bond three days later and a revocation hearing was held on December 16, 1982. At hearing the appellant was represented by counsel. Testimony at that hearing established that two officers of the Jacksonville Police Department served two warrants on the appellant on the evening of July 11, 1982, and at that time discovered him to be in possession of marijuana. The court revoked the appellant's probation on the grounds of violation of the Alabama Uniformed Controlled Substances Act, and the sentence of imprisonment was put into effect.
 I
Appellant first contends that the trial court lost jurisdiction because the arrest warrant was not served on the appellant until the expiration of the probationary period. To follow the argument of appellant on this point to its logical conclusion would be to say that a probationer could leave the state and violate the terms of his probation without retribution if he did not come back until his original probationary term was concluded. This was surely not the purpose of the Legislature when it enacted the probation provisions of the Alabama Code nor was it the purpose of this court in writing Wilson v. State, 417 So.2d 627 (Ala.Cr.App. 1982). As a practical matter, the running of the period of probation must be considered tolled when a warrant of arrest for violation of probation is issued by the court or when, in the language of § 15-22-54, Code of Alabama 1975, ". . . a written statement by said probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation . . ." shall have been delivered to an officer with power of arrest, together with the request of the probation officer that the probationer be arrested. Even the failure to execute the arrest warrant until the expiration of the period of probation would not render that warrant invalid under § 15-22-54 of the Code. *Page 776 
 II
Appellant next contends that the trial court lost jurisdiction over the probation of the appellant since the probation period ended before the revocation hearing was held.
In this case, the probation revocation hearing was not held until December 16, 1982, after an October 25 arrest on a warrant issued on July 23. If revocation proceedings had not been initiated, the probation of the appellant would have concluded on September 9, 1982. Again, we hold that the issuance of the warrant of arrest for violation of probation tolled the running of the probationary period. Failure to hold the hearing until after the originally intended expiration date of the probationary term does not deprive the court of jurisdiction. To hold otherwise would invite probationers to leave this state until after the term of their probation and then return here with impunity. Certainly such a result was not intended.
 III
The record does not include an itemization of the reasons set forth by the probation officer as grounds for revocation. The transcript of the revocation hearing shows that counsel for the appellant and the court discussed in some detail four charges of new criminal activity. The second charge, possession of marijuana, is the only one upon which the court based its decision to revoke probation. Evidently charge # 1 had to do with the forgery or altering of a prescription. Charge # 3 related to intimidating a witness. No evidence was offered on charge # 4, another charge of possession of marijuana. The court granted a motion to exclude from consideration charges 1, 3 and 4.
All this is apparent from pages 28 and 29 of the reporter's transcript. Evidently there was also a contention that the appellant had been found guilty of some offense in Calhoun County on April 2, 1981, (R 29), but there was no legally acceptable proof made as to that, and the court declined to permit the conviction to be proved by hearsay. We must conclude that there was a report such as required by § 15-22-54, Code of Alabama 1975, since all parties proceeded on the basis of a report itemizing charges. The court stated on page 33 of the transcript:
 "Mr. Peoples, from the evidence that has been offered here today, this Court is reasonably satisfied by the evidence that you have been in possession of marijuana by the evidence offered to this Court.
 "You have several other charges against you that have been a complete failure to prove, [sic] and this Court is not considering those. But I am going to consider the testimony of the officers that testified in here that the substance that they had, from their experience, was marijuana. For that reason, I am going to revoke your probation. So there will be an Order entered to that effect. Go with the Sheriff."
In addition, it is apparent that the minimal due process requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975) and Hill v. State, 350 So.2d 716 (Ala.Cr.App. 1977), have been met by the trial court in this case.
For the reasons stated above, this judgment should be, and hereby is, affirmed.
AFFIRMED.
All the Judges concur.