Kenneth Michael Kiker appeals the revocation of his probation. The relevant dates and facts are as follows:
 August 9, 1982 — Kiker placed on five years' probation.
 July 14, 1987 — Kiker arrested for D.U.I. and possession of a controlled substance.
 July 15, 1987 — Kiker's probation officer files a delinquency report citing the July 14 offenses.
 July 20, 1987 — Circuit judge issues an arrest warrant based on the July 14 *Page 385 
offenses. This warrant was not executed and was later recalled by the judge.
August 9, 1987 — Kiker's probation ends.
 August 25, 1987 — Circuit judge issues another arrest order based on the July 14 offenses and on Kiker's failure to report to his probation officer.
 October 9, 1987 — Kiker arrested for violating conditions of his probation.
 November 12, 1987 — Circuit judge ordered Kiker's probation revoked.
The order revoking Kiker's probation reads, in pertinent part, as follows:
 "The Court now finds that the said defendant was arrested in Walker County, Alabama under a warrant on, to-wit: 7/14/87, and charged with what is commonly called DUI/VAUCSA (def. released on bond) arrested 10/9/87 for failure to report to PO as directed and that a written report or written statement of the arrest and the alleged violation of defendant's probation was made and served on the defendant in the Walker County jail and a copy given to his attorney before the probation revocation hearing."
Kiker argues that the trial court lacked jurisdiction to revoke his probation on November 12, 1987, because by operation of law his probation period expired on August 9, 1987, and the arrest order for violating the conditions of his probation was not issued until August 25, 1987.
First, we note the following:
 "Hamilton v. State, 441 So.2d 1035 (Ala.Cr.App. 1983), holding that probation revocation proceedings may properly be initiated after the actual probation period has expired when there has been no formal discharge from probation, is not applicable to this case. Section 15-22-54(a) provides that the probation period 'may be continued, extended or terminated; provided, that in no case . . . shall the maximum probation period of a defendant guilty of a felony exceed five years.' "
Watkins v. State, 455 So.2d 160, 162, 163 (Ala.Cr.App. 1984).
Code of Alabama 1975, §§ 15-22-54(c) and (d), provide the following:
 "(c) At any time during the period of probation or suspension of execution of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence.
 "(d) Except as provided in chapter 15 of Title 12 of this Code, any probation officer, police officer or other officer with power of arrest, upon the request of the probation officer, may arrest a probationer without a warrant. In case of an arrest without a warrant, the arresting officer shall have a written statement by said probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation, and said statement shall be sufficient warrant for the detention of said probationer in the county jail or other appropriate place of detention until such probationer shall be brought before the court. Such probation officer shall forthwith report such arrest and detention to the court and submit in writing a report showing in what manner the probationer has violated probation. Thereupon, the court, after a hearing, may revoke the probation or suspension of execution of sentence and shall proceed to deal with the case as if there had been no probation or suspension of execution of sentence."
Concerning the time element involved in the execution of §§15-22-54(c) and (d), we have stated the following:
 "Section 15-22-54(c) expressly applies only during the probation period. Although Section 15-22-54(d) is not expressly limited to the probation period, that limitation is explicit in its wording — one is a probationer only during the period of probation. We think the clear intent of Section 15-22-54(c) and (d) is to require that an official act sufficient to begin revocation proceedings be done before the end of the probation period. The probation period is not tolled until this act occurs."
Watkins v. State, 455 So.2d at 162.
In Peoples v. State, 439 So.2d 774, 775 (Ala.Cr.App. 1983), we held the following: *Page 386 
 "As a practical matter, the running of the period of probation must be considered tolled when a warrant of arrest for violation of probation is issued by the court or when, in the language of § 15-22-54, Code of Alabama 1975, '. . . a written statement by said probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation . . .' shall have been delivered to an officer with power of arrest, together with the request of the probation officer that the probationer be arrested. Even the failure to execute the arrest warrant until after the expiration of the period of probation would not render that warrant invalid under § 15-22-54 of the Code."
We find that the probation period was not tolled by the issuance of an arrest warrant. The face of the July 20 arrest warrant, issued approximately 20 days prior to the expiration of the probation period, indicates that the warrant was never executed and was, in fact, "recalled" by the trial judge. We can infer from the record that the trial court recalled the arrest warrant to give Kiker a "special opportunity to engage in the antabuse program rather than revoking" his probation. The August 25 arrest warrant, issued approximately two weeks after the expiration of the probation period, obviously did not operate to toll the probation period, in view of the strict language of § 15-22-54(c).
However, the question remains as to whether the probation officer's delinquency report of July 14 constitutes "an official act sufficient to begin revocation proceedings" and, consequently, to toll the probation period. To qualify as such, the probation officer's written statement must be in compliance with § 15-22-54(d) and have been delivered, prior to August 9, to an officer with arrest power, along with a request to arrest the probationer. Watkins v. State; Peoples v. State. We are unable to determine whether the probation officer's warrant and written statement are proper, for they are not in the record before us. Moreover, we cannot conclude, from the sketchy information in the record, with whom the officer filed the report on July 15 or if a request for arrest accompanied the report. The record merely indicates that the probation officer prepared a delinquency report, issued "a probation violation warrant," and "asked the court to issue an arrest [warrant] for probation violation."
Therefore, we remand this cause, in accordance with Jent v.State, 495 So.2d 123 (Ala.Cr.App. 1986), to determine whether the probation officer's written statement was sufficient to begin revocation proceedings and whether the statement and request were delivered prior to the expiration of the probation period. If both conditions were not met, then the probation period was not tolled and the subsequent revocation of probation was invalid.
In accordance with this opinion, the trial court is to submit findings of fact and conclusions of law to this court upon return to remand.
REMANDED WITH DIRECTIONS.*
All Judges concur.
* Reporter's Note: On the trial court's return to remand, the Court of Criminal Appeals, on April 18, 1988, dismissed the appeal. *Page 387 
[EDITORS' NOTE: PAGES 387-395 CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 586