The majority's literal interpretation of § 15-22-54(a) fails to take into consideration the holding of Smitherman v. State,639 So.2d 569 (Ala.Cr.App. 1993). Therefore, I must dissent.
The statute does indeed state that "in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years"; yet Smitherman clearly holds:
 "If the process for revoking probation has begun before the probationary period expires, the running of the probationary period is tolled and the court continues to have jurisdiction over the probation."
639 So.2d at 570.
When the appellant failed to appear for court, the municipal judge issued a probation revocation warrant three days before the expiration of the appellant's probation. Sixteen months elapsed before he was arrested pursuant to that warrant. Instead of imposing the original sentence, the court gave the appellant "another chance" and extended his probation for another six months. Before that probationary period expired, the appellant once again failed to appear and another probation revocation warrant was issued.
As Judge Taylor wrote in Peoples v. State, 439 So.2d 774
(Ala.Cr.App. 1983):
 "Appellant first contends that the trial court lost jurisdiction because the arrest warrant was not served on the appellant until the expiration of the probationary period. To follow the argument of appellant on this point to its logical conclusion would be to say that a probationer could leave the state and violate the terms of his probation without retribution if he did not come back until his original probationary term was concluded. This was surely not the purpose of the Legislature when it enacted the probation provisions of the Alabama Code nor was it the purpose of this court, in writing Wilson v. State, 417 So.2d 627 (Ala.Cr.App. 1982). As a practical matter, the running of the period of probation must be considered tolled when a warrant of arrest for violation of probation is issued by the court. . . ."
439 So.2d at 775.
The City is correct that the appellant in this matter actually served only nine months on probation because at that point the time was tolled pending probation revocation warrants. *Page 512 
This nine-month period is well within the parameters of §15-22-54(a).
As Judge Taylor concludes in Peoples,:
 "To hold otherwise would invite probationers to leave . . . until after the term of their probation and then return here with impunity. Certainly such a result was not intended."
439 So.2d at 776.