The appellant, Billy Ray Estes, appeals from an order of the trial court revoking his probation on the ground that he escaped from custody following a lawful arrest by his probation officer. The appellant contends that the arrest by his probation officer was unlawful and that, consequently, he could not be guilty of escape.
The record reflects the following pertinent facts: The appellant was convicted of unlawful possession of marijuana in the first degree and was placed on five years' supervised probation in April 1994. In October 1995, the appellant was arrested on a charge of harassment, arising out of an incident involving Terrea Shickles and Shickles's fiance, Mike Orange. The appellant was later arrested on that charge and released on bond. It appears that Shickles was the victim of the alleged harassment.
On or around October 25, 1995, the appellant's probation officer, upon learning of the harassment charge against the appellant, went to Shickles's residence to investigate the incident and to determine whether the appellant had committed a possible probation violation.[1] Soon after the probation officer arrived at Shickles's residence and began to talk to Shickles, the appellant arrived in front of the residence in his automobile — apparently unexpected and uninvited — at which point the probation officer asked the appellant to pull his car into Shickles's driveway. Shickles then told the probation officer that the appellant had a gun in his car. When the probation officer asked the appellant to open the trunk to his car so that he could search for a weapon, the appellant refused.[2] At that point, the probation officer took the appellant by the arm and informed him that he was under arrest for violating the terms of his probation based on the harassment charge. When the appellant told the probation officer that he was not going with him, the probation officer again informed the appellant that he was under arrest and directed him to come with him, telling the appellant that if he did not, he would also be charged with resisting arrest. The probation officer managed to lead the appellant to his car, at which point the appellant broke away from the probation officer and fled in his own car.
The probation officer returned to his office and prepared an arrest warrant, charging the appellant with violating the terms of his probation by committing the new offenses of harassment and escape.
Testimony at the probation revocation hearing indicated that the harassment charge against the appellant was dismissed, when Mike Orange, an original witness, failed to appear in court.[3]
The trial court revoked the appellant's probation on the ground that he escaped from custody following a lawful arrest by his probation officer.[4]
The appellant maintains that he could not be guilty of escape because, he says, his arrest by his probation officer at Shickles's residence was unlawful because, he argues, the arrest was effected without a warrant or a written statement, which, the appellant says, is required by § 15-22-54(d), Ala. Code 1975. The appellant also argues that the warrantless arrest could not have been based on probable cause, and thereby lawful, because harassment is a misdemeanor and an *Page 514 
officer is required to have witnessed the offense in order to effect a warrantless arrest for a misdemeanor. He cites §§13A-11-8(a)(2) and 15-10-3(a)(1), Ala. Code 1975.
Section 15-22-54(d), Ala. Code 1975, provides:
 "[A]ny probation officer, police officer, or other officer with power of arrest, when requested by the probation officer, may arrest a probationer without a warrant. In case of an arrest without a warrant, the arresting officer shall have a written statement by the probation officer setting forth that the probationer has, in his or her judgment, violated the conditions of probation, and the statement shall be sufficient warrant for the detention of the probationer in the county jail or other appropriate place of detention until the probationer is brought before the court."
It is undisputed that the appellant's probation officer did not have a warrant or written statement setting forth the appellant's alleged probation violation when he arrested the appellant for harassment at Terrea Shickles's residence.
The appellant contends that the written statement requirement of § 15-22-54(d) applies to the supervising probation officer as well as to any other law enforcement officer with the power of arrest. In support of this contention, he relies on Ex ParteDietz, 474 So.2d 127 (Ala. 1985), where the Alabama Supreme Court held that a probationer who had been arrested without a warrant and without a written statement from the probation officer and who was subsequently transported to the county jail could not be found to have violated the terms of his probation upon his escape from jail, because he was not lawfully in custody in jail. However, Dietz is distinguishable from the present case; in Dietz, a deputy sheriff, not the supervising probation officer, made the actual physical arrest and placed the probationer in custody, by transporting the probationer to the county jail, from which the probationer later escaped. InDietz, the Alabama Supreme Court expressly chose not to answer the question we are confronted with today, stating, "We need not address the possibility raised by the language of §15-22-54(d) that, even if the probation officer arrests the probationer, he must complete a written statement." Dietz, 474 So.2d at 129.[5]
When construing a statute, "this Court has a duty to ascertain and effectuate the legislative intent as expressed in the statute. This intent may be discerned from the language used, the reason and necessity of the act, and the goal sought to be obtained." Gholston v. State, 620 So.2d 719, 721 (Ala. 1993). A common sense reading of the language of § 15-22-54(d) would be that its written-statement requirement applies to officers with the power of arrest other than the supervising probation officer, who have been "requested by the probation officer" to arrest the probationer for a suspected probation violation; that is, only where the supervising probation officer does not personally make the arrest is it necessary for the probation officer to prepare the written statement and provide it to another officer with the power of arrest in order to authorize that officer to make the warrantless arrest of the probationer. It defies common sense to conclude that the legislature, in drafting § 15-22-54(d), could have meant to require a probation officer with a reasonable belief that a probationer under his supervision has violated a condition of probation to make a written statement to himself before effecting a warrantless arrest of the probationer.
It is an accepted principle of law that a probationer, having been convicted of a criminal offense and sentenced, has less legitimate expectation of freedom from search and seizure than the average citizen. See, e.g., Griffin v. Wisconsin,483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987) (warrantless search of probationer's home on less than probable cause does not violate Fourth Amendment) (cited in O.M. v. State,595 So.2d 514, 518 (Ala.Cr.App. 1991), writ quashed, 595 So.2d 528 (Ala. 1992)); see, generally, *Page 515 
21 Am.Jur.2d, "Criminal Law" § 576 at 946-950 (1981). "A State's operation of a probation system, like its operation of a school, government office or prison, or its supervision of a regulated industry, likewise presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements." Griffin,483 U.S. at 873-74, 107 S.Ct. at 3168. Likewise, a probation officer charged with supervising a probationer should have broader discretion in arresting the probationer without a warrant than another law enforcement officer seeking to arrest a person not yet convicted of a crime and not already under his "charge." This is borne out both in § 15-22-54(d) and in Rule 27.4(c), Ala.R.Crim.P. Rule 27.4(c) states:
 "The probationer may be arrested without a warrant by the probation officer responsible for his supervision for violation of a condition of probation or regulations imposed or instructions issued, if such arrest is reasonably necessary to prevent the probationer from hiding or fleeing from the jurisdiction of the court or to prevent commission by the probationer of a crime or a further violation of conditions of probation or regulations imposed or instructions issued.
Significantly, neither § 15-22-54(d) nor Rule 27.4(c) limits the warrantless arrest powers of probation officers to situations where a felony is believed to have occurred or where a misdemeanor has taken place in the probation officer's presence. See § 15-10-3, Ala. Code 1975.
Emphasizing the special need of the state to allow certain infringements upon the rights of probationers that would perhaps be unconstitutional if applied to the general public, in particular waiver of the warrant requirement for searches, the United States Supreme Court in Griffin stated:
 "A warrant requirement would interfere to an appreciable degree with the probation system, setting up the magistrate rather than the probation officer as the judge of how close a supervision the probationer requires. Moreover the delay inherent in obtaining a warrant would made it more difficult for probation officials to respond quickly to evidence of misconduct."
Griffin, 483 U.S. at 876, 107 S.Ct. at 3170. Likewise, to construe § 15-22-54(d) to require the supervising probation officer to make a written statement to himself before effecting a warrantless arrest of the probationer, where the probation officer has reasonable grounds to believe the probationer has committed a violation, would cause needless and burdensome delay in the probation officer's ability "to respond quickly to evidence of misconduct."
The appellant's probation officer was at the residence of a woman who had been the alleged victim in a harassment charge filed against the appellant when the appellant arrived at the residence in his car — from all appearances (at least from the probation officer's perspecuive) uninvited. The woman informed the probation officer that there was a gun in the trunk of the appellant's car. Under these circumstances, it was arguably necessary for the probation officer to arrest the appellant — without obtaining a warrant or making a written statement — to prevent the appellant from committing a crime or a further violation of his probation. It was also reasonable, under the circumstances, for the probation officer to believe that the appellant had already violated a condition of probation by committing the offense of harassment.
We hold that the appellant was legally under arrest and in custody at the time of his escape from his probation officer. Therefore, the trial court was within its power to revoke the appellant's probation on the ground of escape. The appellant's probation was properly revoked. The trial court's judgment is affirmed.
AFFIRMED.
All Judges concur.
[1] The appellant's order of probation provided that he was not to violate any federal, state, or local law.
[2] An explicit condition of the appellant's probation was that he not carry a firearm.
[3] Orange was also subpoenaed to testify at the appellant's probation revocation hearing but could not be located before the hearing and did not testify. Terrea Shickles died in an automobile accident before the revocation hearing.
[4] The lawful arrest at issue here is the one effected by the probation officer at Shickles's residence when the probation officer took the appellant's arm in his grasp, pronounced the appellant under arrest, and led him to his car. Section13A-10-33(a), Ala. Code 1975, provides: "A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody." The appellant does not dispute that he was in the custody of the probation officer before he broke free and drove from the scene.
[5] We find West's headnote 2 and West's syllabus in the publishedDietz opinion to be misleading on this issue. They indicate that the Alabama Supreme Court, rather than stating it need not address the issue, actually held that the probation officer must complete a written statement even when he personally arrests the probationer. Dietz, 474 So.2d 127. *Page 516