LONG, Presiding Judge.
The appellant, Philip Grady Boles, appeals from the summary dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., which attacked an order of the trial court revoking his probation. The only allegation presented with any specificity in Boles’s petition is his contention that the trial court was without jurisdiction to revoke his probation.
It appears from the limited record before us that Boles was sentenced on July 22,1991, to 15 years’ imprisonment for receiving stolen property in the second degree. On that same date, he was placed on probation for five years. On October 15, 1994, while still on probation, Boles, represented by counsel, entered a plea of guilty to an assault charge arising out of an altercation with his wife. Boles was sentenced to 30 days’ imprisonment for the new conviction. That sentence was suspended. On November 3, 1994, the district attorney filed a motion to revoke Boles’s probation based on Boles’s assault conviction. On November 14, 1994, Boles received notice by mail from the district attorney to appear in the trial court on November 22, 1994, for a revocation hearing and stating that the assault conviction was the basis for the revocation proceeding. The revocation hearing was held on the scheduled date, with Boles appearing in court represented by appointed counsel. At the hearing’s conclusion, the trial court revoked Boles’s probation and reinstated the remaining portion of his 15-year sentence. Boles did not appeal from the trial court’s revocation order.
On November 8, 1996, Boles filed a Rule 32 petition in the trial court, alleging that the trial court had no jurisdiction to revoke his probation because, he said, the arrest provisions of § 15-22-54, Ala.Code 1975, were not complied with when the state sought revocation of his probation. The state filed a motion for summary dismissal of Boles’s petition, arguing, among other things, that it failed to state a claim for relief. The state’s motion for dismissal did not specifically address or deny the factual averments in the petition. On November 18, 1996, the trial court dismissed Boles’s petition, without an evidentiary hearing, for failure to state a claim.
Sections 15-22-54(e) and (d), Ala.Code 1975, provide for the arrest of a suspected probation violator as a means of initiating probation revocation proceedings. These sections provide:
“(c) At any time during the period of probation or suspension of execution of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence.
“(d) Except as provided in Chapter 15 of Title 12, any probation officer, police officer or other officer with power of arrest, when requested by the probation officer, may arrest a probationer without a warrant. In case of an arrest without a warrant, the arresting officer shall have a written statement by the probation officer setting forth that the probationer has, in his or her judgment, violated the conditions of probation, and the statement shall be sufficient warrant for the detention of the probationer in the county jail or other appropriate place of detention until the probationer is brought before the court. The probation officer shall forthwith report the arrest and detention to the court and submit in writing a report showing in what manner the probationer has violated probation.”
Boles maintains that compliance with the arrest provisions of § 15-22-54 is a jurisdictional prerequisite to revocation of probation and that because, in his case, there was no arrest on a warrant or with a written statement of the probation officer, the trial court never acquired jurisdiction to revoke his probation.
*879 In Young v. State, 552 So.2d 879 (Ala.Cr.App.1989), the probationer, who was in jail on a controlled substance charge when she was served with notice of the probation revocation hearing to be held based on her commission of the controlled substance offense, argued that because the revocation proceedings were not commenced by her arrest in compliance with the provisions of either subsection (c) or subsection (d) of § 15-22-54, the trial court had no jurisdiction to enter the order revoking her probation. Judge Bowen, writing for this court, stated:
“ ‘Section 15-22-54 clearly requires some overt or affirmative act which will officially begin revocation proceedings.’ Watkins v. State, 455 So.2d [160] at 163 [ (Ala.Cr.App.1984) ] (emphasis added [in Young ]). That ‘overt or affirmative act,’ however, need not always be an arrest as outlined in subsections (c) and (d) of § 15-22-54.
[[Image here]]
“These subsections outline two methods of arresting one who is at liberty on probation.
“‘It is clear from a reading of this whole section that the warrant thus authorized is one looking toward regaining custody of the probationer for determining whether his probation should be revoked and the original sentence be ordered executed, for this section thereafter provides as to who may arrest the probationer and what papers are prerequisite to a lawful arrest....’ McCain v. Sheppard, 33 Ala.App. 431, 432, 34 So.2d 225, 226 (1948) (emphasis added [in Young ]).
“In Ex parte Dietz, 474 So.2d 127, 128 (Ala.1985), our Supreme Court observed:
“ ‘It is settled law that a probationer has a conditional liberty interest protected by the Fourteenth Amendment to the United States Constitution. Gagnon v. Scarpelli 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). This liberty “is valuable and must be seen as within the protection of the Fourteenth Amendment. Its termination calls for some orderly process, however informal.” Id., at 482, 92 S.Ct. at 2601.” ’
‘“[T]he [probationer] is entitled to retain his liberty as long as he substantially abides by the conditions of his [probation].’ Morrissey v. Brewer, 408 U.S. 471, 479[, 92 S.Ct. 2593, 33 L.Ed.2d 484] (1972). Thus, if the probationer is at liberty and would otherwise remain at liberty in the absence of allegations that he had violated his probation, there must be an arrest pursuant to § 15-22-54 in order to begin revocation proceedings. Compliance with the arrest provisions of that statute is ‘the means whereby the probation officer secures lawful custody.’ Ex parte Dietz, 474 So.2d at 129 (emphasis added [in Young ]).
“If, however, the probationer is not at liberty when his probation violation is discovered, and he is already in lawful custody as a result of some other proceeding (such as an arrest for another offense), the method of detention authorized by § 15-22-54(c) or (d) is ‘not necessary under the circumstances to secure [his] arrest.’ Jent v. State, 495 So.2d 123, 125 (Ala.Cr.App.1986) (wherein custody of probationer was lawfully obtained by virtue of § 15-10-3, a warrantless arrest upon probable cause to believe that probationer had committed felony assault). Compare Jordan v. State, 481 P.2d 185 (Okla.Cr.App.1971), wherein the court held that failure to comply with a statute (similar to § 15-22-54) directing issuance of a probation violation warrant did not divest the court of jurisdiction to revoke. The Jordan court noted:
“ ‘It is true that [the statute] sets out a procedure by which the Division of Probation and Parole can issue a warrant for the arrest of a probationer.... However, we find no indication from the statutes that this was intended to be an exclusive method to arrest and confine a probationer when revocation ... is sought.’ 481 P.2d at 186.
“Sections 15-22-54(c) and (d) provide a method of detaining a probationer who is at liberty and depriving him of that liberty pending a revocation hearing. See Ex parte Dietz, 474 So.2d at 131. They do *880 not, however, provide the only means of ‘initiating’ revocation proceedings for a probationer who has already been lawfully deprived of his liberty on some other ground. The statute simply does not address itself to the methods for initiating revocation proceedings for those already incarcerated. It is concerned solely with outlining the proper procedure for the detention of a probationer who is not in custody, as evidenced by the subsection (d) provision that the probation officer’s statement ‘shall be sufficient warrant for the detention of said probationer.’ Ala.Code 1975, § 15-22-54(d).
“We acknowledge that many of our probation revocation cases contain the statement that compliance with the arrest provisions of § 15-22-54(c) or (d) is a ‘jurisdictional prerequisite to revocation of probation.’ See, e.g., Wilson v. State, 417 So.2d 627, 628 (Ala.Cr.App.1982); Phillips v. State, 52 Ala.App. 297, 301, 291 So.2d 751, 754 (1973). In some of those cases, the facts indicate that the probationers were at liberty and compliance with the means of detention set out in § 15-22-54(e) and (d) was thus necessary. See, e.g. Wilson v. State, 417 So.2d 627 (probationer apparently at liberty pursuant to a youthful offender adjudication). Other cases have not addressed the particular issue presented here. See Ward v. State, 527 So.2d 780 (Ala.Cr.App.1988); Kiker v. State, 524 So.2d 384 (Ala.Cr.App.1988).
“This court has implicitly recognized that the arrest provisions of § 15-22-54 are not the only means of initiating a revocation proceeding. In Watkins v. State, we stated that ‘some overt or affirmative act which will officially begin revocation proceedings is required,’ and we discussed acts — other than arrest — which might toll the running of the probationary term. 455 So.2d at 163. In Hamilton v. State, [441 So.2d 1035 (Ala.Cr.App.1983),] we were presented with the issue whether the State’s ‘motion to revoke’ was timely filed before expiration of the probationary term, and we decided the case on that basis, without mentioning the arrest provisions of § 15-22-54. 441 So.2d at 1036. In Sherer v. State, [486 So.2d 1330 (Ala.Cr.App. 1986),] we held that ‘the State initiated the proceedings to revoke probation in July of 1985 when it notified the probationer of his revocation hearing and apprised him of the charges against him.’ 486 So.2d at 1331. There was no discussion of the § 15-22-54 arrest provisions.
‘We hold in the present case that the State initiated revocation proceedings and the defendant’s probationary term was tolled when, on September 23, 1988, the probation officer sent the circuit court a copy of the ‘Supervisor’s Report on Delinquent Probationer,’ and asked the court to set a probation revocation hearing. We note that the probation officer testified that, on this same date, he ‘placed a probation violation warrant against’ the defendant. Although there was no showing that this warrant was ever issued, or ‘delivered to an officer with power of arrest, together with the request of the probation officer that the probationer be arrested,’ Peoples v. State, 439 So.2d 774, 775 (Ala.Cr.App.1983); Kiker v. State, 524 So.2d 384, 386 (Ala.Cr.App.1988), in view of the fact that defendant was already lawfully incarcerated, it was not necessary to have the warrant issued in order to obtain lawful custody of the defendant. See Jent v. State, supra.
“Gagnon v. Scarpelli, supra, and Armstrong v. State, 294 Ala. 100, 312 So.2d 620, 622 (1975), require that a probationer be given ‘written notice ... of the claimed violation of probation.’ Although defendant was not served with written notice until December 16, four days before the revocation hearing, there is no specific time requirement for notice, only that it ‘must be served sufficiently in advance of scheduled court proceedings so that defendant has a reasonable opportunity to prepare.’ W. LaFave & J. Israel, [3] Criminal Procedure § 25.4(b) at 158 [ (1984) ]. In the present case, four days was reasonable, particularly in view of the fact that the circuit court inquired of defense counsel, prior to the revocation hearing, ‘Do .you need any additional time to prepare *881 for the hearing?’ and counsel responded in the negative.”
552 So.2d at 881-83 (emphasis in original).
Judge Bowen in Young implicitly recognized that this court in prior cases had used the term “jurisdictional” rather too loosely where it had stated that compliance with the arrest provisions of § 15-22-54(c) or (d) is a “jurisdictional prerequisite” to revocation of probation. Young makes it clear that compliance with the arrest provisions of § 15-22-54(c) and (d) provides a method, although not the sole method, of obtaining lawful custody, of a probationer who was previously at liberty pending a probation revocation hearing and affords a means, although not the sole means, of initiating revocation proceedings. “ ‘Jurisdictions have adopted a variety of ways to commence revocations. The most common methods include a summons, arrest warrant, warrantless arrest, show cause order, and a motion to revoke.’ ” Watkins v. State, 455 So.2d 160, 162 (Ala.Cr.App.1984), quoting N. Cohen & J. Golbert, The Law of Probation and Parole § 11.01 at 525-26 (1983) (footnotes omitted). See also Annot., 13 A.L.R.4th 1240 §§ 6-8 (1982). As this court stated in Watkins, “[t]he general rule is that a revocation proceeding must be initiated prior to the date of the offender’s release from probation.” 455 So.2d at 162. Because the trial court retains jurisdiction only for the duration of a probationer’s probationary term, the question of when revocation proceedings are initiated is of particular importance to the tolling of the probationary term, so that the trial court may still retain subject matter jurisdiction beyond the time the probationary term would otherwise be deemed to have expired. Indeed, any number of decisions of this court where compliance with § 15-22-54(c) and (d) has been considered in connection with questions of “jurisdiction” have concerned the issue of when revocation proceedings may be said to have initiated. See, e.g., Watkins, 455 So.2d 160; Peoples v. State, 439 So.2d 774 (Ala.Cr.App.1983); and Wilson v. State, 417 So.2d 627 (Ala.Cr.App.1982).[1]
Jurisdiction over a defendant requires both personal and subject matter jurisdiction. See City of Dothan v. Holloway, 501 So.2d 1136, 1137 (Ala.1986); State v. Bennett, [Ms. CR-96-1081, December 19, 1997] — So.2d-,-(Ala.Cr.App.1997). Personal jurisdiction is attained by a defendant’s appearance before the court. Holloway, 501 So.2d at 1137; Bennett, — So.2d at --. Viewed properly, then, the arrest provisions of § 15-22-54(c) and (d) afford a means of giving the trial court personal jurisdiction over a probationer who has been at liberty (by having him placed in legal custody and brought before the court) and also provide a method of tolling the probationary term and thereby “extending” the trial court’s subject matter jurisdiction beyond the expiration of the probationary term. See Peoples, supra, 439 So.2d at 775 (“As a practical matter, the running of the period of probation must be considered tolled when a warrant for arrest for violation of probation is issued by the court [, § 15 — 22—54( c),] or when, in the language of § 15-22-54[ (d) ], Code of Alabama 1975, [1]... a written statement by said probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation’” is delivered to an officer with the power of arrest.). As Judge Bowen recognized in Young, however, compliance with § 15-22-54(c) or (d) is not the sole or mandatory means for attaining jurisdiction over a defendant or for tolling the probationary period.
In People v. Speight, 72 Ill.App.3d 203, 27 Ill.Dec. 934, 389 N.E.2d 1342 (1979), a case factually similar to the present case, an Illinois probationer appeared in the trial court for a revocation hearing after receiving notice, albeit not by a warrant or summons issued pursuant to an Illinois statute with provisions similar to those in § 15-22-54(c) and (d). The Illinois appellate court held that, notwithstanding the fact that a warrant or summons was not issued, the trial court had personal jurisdiction over the probationer and could, following the revocation hear *882 ing, validly revoke the probationer’s probation. The Court reasoned:
“Where a probationer appears in court and has received prior notice of the revocation proceedings, there is no reason why a warrant or summons is necessary to attain personal jurisdiction, nor to guarantee due process. As the appellate court in People v. Price ([Ill.App. 2 Dist.] 1960), 24 Ill. App.2d 364, 164 N.E.2d 628, commented in assessing the jurisdiction of a trial court over a probationer:
“ ‘How a procedure to revoke an order admitting a defendant to probation is initiated or the form of the process which brings a defendant into court to answer a charge that he had violated the terms of the order admitting him to probation are of little moment.’- Price at 376, 164 N.E.2d at 533.”
72 Ill.App.3d at 209, 27 Ill.Dec. at 938, 389 N.E.2d at 1346 (citations omitted). The Court in Speight went on to state that when the trial court began the revocation proceedings with the probationer present in court and attended by counsel, the probationer’s probationary period was tolled for purposes of the trial court’s retention of subject matter jurisdiction over the matter. The Court summarized its holding as follows:
“Where a defendant has not been placed into custody pursuant to a summons or warrant which would have tolled probation, a trial court still retains jurisdiction after the end of the original probation term where the defendant is given notice of the State’s intent to revoke his probation, appears in court pursuant to that notice, and proceedings have, in fact, begun to determine whether the defendant has violated his probation.”
Speight, 72 Ill.App.3d at 209-10, 27 Ill.Dec. at 939, 389 N.E.2d at 1347.
We agree with the reasoning of the Illinois Court of Appeals and find it to be in accord with several of the more recent decisions of this court where the trial court’s jurisdiction to revoke probation has been at issue. See Moore v. State, 690 So.2d 510 (Ala.Cr.App.1996); Smitherman v. State, 639 So.2d 569 (Ala.Cr.App.1993); Patterson v. State, 572 So.2d 508 (Ala.Cr.App.1990); and Young, 552 So.2d 879. See also Estes v. State, 690 So.2d 512 (Ala.Cr.App.1996). We find further support for our analysis of the jurisdictional questions at issue in the present case in our decision in S.D. v. State, 602 So.2d 1206, 1208-09 (Ala.Cr.App.), aff'd, 602 So.2d 1209 (Ala.1992), where we held that an alleged irregularity in the filing of a delinquency petition to initiate delinquency proceedings in the juvenile court, see §§ 12-15-50 and 12-15-52, Ala.Code 1975, did not defeat the juvenile court’s subject matter jurisdiction to hear the matters alleged in the petition, where the juvenile had appeared at the delinquency hearing attended by counsel and had submitted himself to the court’s jurisdiction without objection. See also Holloway, supra, 501 So.2d at 1137-39 (the fact that Uniform Traffic Ticket and Complaints (“UTTCs”) were not properly verified did not deprive trial court of subject matter jurisdiction to accept guilty pleas on the matters alleged in the UTTCs, where the defendant in DUI cases and cases charging the offense of driving with a revoked license appeared in trial court and entered valid guilty pleas to the charges); Bennett, supra, — So.2d at-(“It is clear ... that the circuit court had in personam jurisdiction over Bennett during both the guilty plea and the post-conviction proceedings, as well as jurisdiction over the subject matter of both proceedings. The circuit court had subject matter jurisdiction as a matter of law, and acquired in personam jurisdiction over Bennett by Bennett’s voluntary appearance at both proceedings, where he submitted himself to the jurisdiction of the court without objection.”).
Here, it is undisputed that Boles received notice of the probation revocation hearing — and the basis for that hearing — and that he appeared in the trial court with counsel for that hearing. The record reflects that the hearing was held well before Boles’s probationary term was due to expire (Boles was placed on five years’ probation on July 22, 1991; the revocation hearing was held on November 22, 1994). When the revocation hearing commenced, with Boles present, his probationary period was tolled. See Speight, 72 Ill.App.3d at 211-12, 27 Ill.Dec. at 940, 389 N.E.2d at 1348. Boles’s appearance in the *883 trial court pursuant to the notice he received gave the trial court personal jurisdiction over him. Therefore, we hold that the trial court maintained jurisdiction when, at the hearing’s conclusion, it revoked Boles’s probation and reinstated the remaining portion of his original sentence.
To the extent that our holding in the present case may conflict with prior cases of this court that have held, without qualification, that compliance with the arrest provisions of § 15-22-54(c) or (d) is “jurisdictional,” those prior cases are hereby overruled. See, e.g., Ward v. State, 527 So.2d 780 (Ala.Cr.App.1988); Kiker v. State, 524 So.2d 384 (Ala.Cr.App.1988); Wilson, 417 So.2d 627; Phillips v. State, 52 Ala.App. 297, 291 So.2d 751 (1973).
For the reasons stated, we hold that Boles’s Rule 32 petition, which was predicated on his claim that the trial court had no jurisdiction to revoke his probation because the arrest provisions of § 15-22-54(c) and (d) were not complied with, was without merit on its face. Although Boles also suggested in his petition that his counsel at the revocation hearing was ineffective for “failing to bring the jurisdictional issue to the attention of the court” and for failing to present a defense to the charges, Boles did not demonstrate any prejudice in this regard, nor did he allege sufficient facts in support of these allegations. Accordingly, we hold that summary dismissal of Boles’s petition was proper. See Moore v. State, 502 So.2d 819, 820 (Ala.1986); Rules 32.3, 32.6(b), and 32.7(d), Ala.R.Crim.P.
For the reasons we have stated, the trial court’s judgment is affirmed.
AFFIRMED.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.

. We note that Rule 27.4, Ala.R.Crim.P., expressly permits initiation of probation revocation proceedings by the trial court or by the probation officer or by the prosecutor. See Rules 27.4(a)(1) and (2).