WELCH, Judge.
 

 Willie James Abner appeals from the circuit court’s summary denial of his Rule
 
 *829
 
 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged Abner’s April 11, 2006, guilty-plea conviction for trafficking in cocaine and his resulting sentence of life imprisonment.
 
 [1]
 
 Abner’s direct appeal was dismissed because Abner failed to certify to this Court the specific issues that had been properly reserved for appellate review or to file a copy of any timely filed postjudgment motions. This Court issued the certificate of judgment on May 25, 2006.
 

 The present Rule 32 petition was filed by Abner’s Rule 32 counsel on May 23, 2007. In his petition, Abner claimed:
 

 (1) That he was denied the effective assistance of trial counsel because, he said, counsel:
 

 (a) had a conflict of interest;
 

 (b) did not adequately seek discovery or properly investigate potential witnesses or viable theories of defense;
 

 (c) advised Abner to provide false testimony at a hearing on a motion to suppress his statement;
 

 (d) stipulated to facts at the plea proceeding, namely that Abner had possessed and/or had sold cocaine, despite Abner’s insistence that he was not aware of the presence of the cocaine in the automobile and that he was not involved in any drug transactions involving the cocaine; and
 

 (e) advised him to plead guilty on the basis that if the case went to trial he would not receive a fair trial and that the trial court would vindictively sentence him to life imprisonment without the possibility of parole if he went to trial and was convicted; and
 

 (2) That he was denied due process in the plea proceeding because, he said:
 

 (a) his plea was entered on a faulty factual basis; and
 

 (b) “[h]e only participated in the plea because of misinformation from his trial counsel which was both intentionally and negligently given with a clear conflict of interest on the part of counsel.” (C. 5.)
 

 On May 30, 2007, Abner filed an affidavit in which he claimed that he attempted to cooperate with law enforcement but was told that he would have to get the judge’s approval before assisting the police in an investigation to help his situation and that his counsel told him he would seek the judge’s approval at a probation-revocation hearing on an earlier charge against Abner. Abner asserted that his trial counsel had been hired for him by an individual named Ricky Jackson. According to Abner, Jackson was the target of the investigation in which the police had discussed using Abner’s assistance as an informant. Abner stated that his trial counsel became “visibly upset” when he told counsel about his attempts to cooperate with the police and that he had given information about Jackson to the police. Abner averred that counsel never asked the trial court to allow Abner to provide assistance to law enforcement.
 

 Abner further indicated in his affidavit that counsel told him his statement to the police was a critical piece of evidence that needed to be suppressed. Abner stated that counsel instructed him to testify falsely at the suppression hearing. According to Abner, counsel instructed him to claim that he made the statement to the police only because they held a gun to his head.
 
 *830
 
 Abner stated that counsel then informed him that he had to plead guilty because Abner had made the trial court angry by lying on the witness stand, and that he would not receive a fair trial because the trial court was angry at Abner for lying on the witness stand.
 

 Abner also alleged in his affidavit that he told counsel he would not lie again and that therefore he would not admit to selling or possessing the cocaine that formed the basis for the trafficking offense.
 
 [2]
 
 Abner stated that he did not sell the cocaine, that he did not possess the cocaine, and that he did not even know the cocaine was in the automobile. Abner averred that he informed counsel that the individual who was in the automobile with Abner at the time Abner was arrested had had possession of the automobile for approximately three months before Abner’s November arrest and that Abner had gotten the automobile back only a day or two before that arrest. According to Abner, the State’s evidence, namely the police report, indicated that law enforcement had observed other people using Abner’s automobile on the day of his December arrest. Abner further argued that trial counsel made no effort to discover the identity of the informant or undercover officer who apparently identified Abner as the person distributing or possessing the cocaine.
 

 Abner asserted in the affidavit that he had learned that his trial counsel and Jackson were friends. Abner alleged that trial counsel, whom he alleged Jackson had hired to represent Abner, had a conflict of interest and attempted to protect Jackson instead of representing Abner. Abner stated that counsel knew he would not admit to possessing the cocaine, that counsel did not explain the charges against him, and that counsel insisted that Abner plead guilty on the basis that Abner would not receive a fair trial because he had lied at the suppression hearing. Abner concluded:
 

 “I thought I had to plead guilty. I knew that [trial counsel] was not prepared to defend me and I had to take the agreement even though I was not guilty.... I believe that the advice to plead guilty was the result of [counsel’s] desire to protect Ricky Jackson and by [counsel’s] desire to conceal the fact that he had done nothing constructive to prepare a defense.”
 

 (Supp. C. 7-8.)
 

 On October 2, 2007, the State filed a response and motion to dismiss the petition. In that response, the State cited legal authority relevant to an ineffective-assistance-of-counsel claim and then stated:
 

 “In this case, [Abner’s] allegations are without merit. [Abner] was represented in this matter by able and experienced counsel at the time he pled guilty. Apart from bare allegations by [Abner], there is no evidence whatsoever to support [Abner’s] claim of ineffective assistance of counsel. [Abner] made a voluntary decision to plead guilty after being fully apprised of his rights. The Court record reflects as much. (See State’s Exhibits A to C). [Abner] was fully aware of his rights and agreed to plead guilty. In exchange for his plea of guilty and waiver of all appellate issues, the State of Alabama agreed to nolle prosse three other charges. Not only did [Abner] fully know the circumstances and ramifications of a guilty plea in this case, he acknowledged them by signing his Explanation of Rights form (Exhibit A) and the Waiver of Appellate
 
 *831
 
 Issues (Exhibit B). The Court also noted all these agreements and understanding on the case action summary of the court file. (Exhibit C)
 

 “Strickland [v. Washington,
 
 466 U.S. 668 (1984) ] requires this Court to examine defense counsel’s conduct and [Abner’s] plea with a strong presumption that counsel’s conduct was appropriate and reasonable.
 
 Strickland,
 
 466 U.S. at 689. When defense counsel’s conduct is examined in such a light, it becomes evident that [Abner’s] argument is unfounded. Where the petitioner failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition was proper.
 
 Boles v. State,
 
 717 So.2d 877 (Ala.Crim.App.1998).
 

 “CONCLUSION
 

 “For the above stated reasons, [Abner] is not entitled to relief on any of his claims, and his conviction and sentence are due to be upheld. There is sufficient evidence to support [Abner’s] conviction and sentence; thus, Mr. Abner’s petition is due to be denied.”
 

 (C. 12-13.)
 

 In an order dated October 3, 2007, the circuit court summarily denied Abner’s petition, stating:
 

 “Having reviewed the petition, it is due to be dismissed because, on its face, the petition fails to raise any disputed issue of material law or fact.
 

 “[Abner] does not properly support the grounds included in his petition. [Abner] was represented in this matter by able and experienced counsel at the time he pled guilty. Apart from bare allegations by [Abner], there is no evidence whatsoever to support [Abner’s] claim of ineffective assistance of counsel. [Abner] made a voluntary decision to plead guilty after being fully apprised of his rights. The Court record reflects as much, proof gathered by several documents signed by [Abner] agreeing to the sentence after a plea of guilty as well as the trial court’s own signature after going over the rights and possible sentence with [Abner], [Abner] has failed to overcome the strong presumption that counsel’s conduct was appropriate and reasonable.
 

 “Since [Abner] failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition is proper.
 
 Boles v. State,
 
 717 So.2d 877 (Ala.Crim. App.1998). [Abner] has failed to meet the burden of proof as prescribed by Rule 32.3 A.R.Crim.P., which states [Abner] shall have the burden of pleading and providing by preponderance of the evidence the facts necessary to entitle the him to relief.”
 

 (C. 22-23.) This appeal followed.
 

 Rule 32.3, Ala.R.Crim.P., states that “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.”
 

 “An evidentiary hearing on a [Rule 32] petition is required only if the petition is ‘meritorious on its face.’
 
 Ex parte Boatwright,
 
 471 So.2d 1257 (Ala.1985). A petition is ‘meritorious on its face’ only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true.
 
 Ex parte Boat-wright, supra; Ex parte Clisby,
 
 501 So.2d 483 (Ala.1986).”
 

 Moore v. State,
 
 502 So.2d 819, 820 (Ala. 1986).
 

 
 *832
 
 Initially, we note that the circuit court indicated in its order dismissing the petition that Abner failed to
 
 prove
 
 his claims. However, Abner had no burden of proof at the pleading stage. As this Court explained in
 
 Ford v. State,
 
 831 So.2d 641 (Ala.Crim.App.2001):
 

 “[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading, stage, a petitioner must provide only ‘a clear and specific statement of the grounds upon which relief is sought.’ Rule 32.6(b), Ala. R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”
 

 831 So.2d at 644. See also
 
 Thomas v. State,
 
 908 So.2d 308 (Ala.Crim.App.2004);
 
 Borden v. State,
 
 891 So.2d 393 (Ala.Crim. App.2002); and
 
 Johnson v. State,
 
 835 So.2d 1077 (Ala.Crim.App.2001).
 

 To prevail on a claim of ineffective assistance of counsel, a petitioner must first adequately plead facts indicating that counsel’s performance was deficient and that the deficient performance actually prejudiced the defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Rules 32.3 and 32.6(b), Ala.R.Crim.P. To establish prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” 466 U.S. at 694,104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
 
 Id.
 
 Furthermore, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” 466 U.S. at 689, 104 S.Ct. 2052.
 

 “To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must ‘identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,’
 
 Strickland v. Washington,
 
 466 U.S. 668, 690,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating ‘that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ 466 U.S. at 694, 104 S.Ct. 2052. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient.”
 

 Hyde v. State,
 
 950 So.2d 344, 356 (Ala. Crim.App.2006). Additionally,
 

 “When an appellant’s claim of ineffective assistance of counsel arises from alleged errors committed by counsel in the guilty plea process, the prejudice prong of the
 
 Strickland
 
 analysis is satisfied by the appellant’s establishing ‘that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.’
 
 Hill v. Lockhart,
 
 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).”
 

 Culver v. State,
 
 549 So.2d 568, 572 (Ala. Crim.App.1989).
 

 We conclude that Abner’s ineffective-assistance-of-counsel allegations were pleaded sufficiently and with specificity. Abner identified a number of actions by counsel and included specific facts about those actions and the impact of those actions on Abner’s case. Although Abner did not expressly state that, but for counsel’s errors, he would not have pleaded
 

 
 *833
 
 guilty and instead would have insisted on going to trial, see
 
 Culver,
 
 it is clear from a cursory reading of his claims that he implicitly makes that assertion. Abner alleged in his petition that “[h]e only participated in the plea because of misinformation from his trial counsel which was both intentionally and negligently given with a clear conflict of interest on the part of counsel.” (C. 5.) In the affidavit submitted in support of the petition, Abner discussed counsel’s alleged actions, which included failing to investigate the case, instructing Abner to lie at the suppression hearing, and then informing Abner that he should plead guilty because the trial judge was angry at Abner for lying and would not give him a fair trial. Abner then stated in his affidavit: “I thought I had to plead guilty. I. knew that [trial counsel] was not prepared to defend me and I had to take the agreement even though I was not guilty.” (C. 7-8.) Neither the State in its response and motion to dismiss the petition nor the circuit court in its order summarily dismissing the petition refuted Abner’s allegations that his trial counsel was ineffective for the reasons stated in the petition and supporting affidavit. When those un-refuted allegations are taken as true, as they must be, his allegations appear to be facially meritorious. See
 
 Chaverst v. State,
 
 517 So.2d 643, 644 (Ala.Crim.App. 1987) (holding that, when the State does not refute a petitioner’s allegation, the un-refuted statements must be taken as true). Therefore, we must remand this case to the circuit court to allow Abner an opportunity to present evidence to support his claim that he was deprived of the effective assistance of counsel at trial.
 

 On remand, the court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Abner’s claims and may grant whatever relief, if any, it deems necessary. The circuit court is further directed to take all action necessary to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion, and that return shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or relied on by the court in making its findings.
 

 REMANDED WITH INSTRUCTIONS.
 
 *
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
 

 [1]
 

 . The record indicates that Abner was indicted for two counts of distribution of cocaine, one count of possession of cocaine, and one count of trafficking in cocaine; Abner pleaded guilty to the trafficking charge, and the three remaining counts were nol-prossed as a part of the plea agreement.
 

 [2]
 

 . Abner was arrested on November 22, 2006, and again on December 27, 2006. The trafficking conviction resulted from Abner’s December arrest.
 

 *
 

 Note from the reporter of decisions: On January 22, 2010, on return to remand, the Court of Criminal Appeals affirmed, without opinion.