On Return to Second Remand
 

 *
 

 McMILLAN, Judge.
 

 The appellant, Michael Rodriquez Jones, appeals from the trial court’s revocation of his probation in Case No. CC-94-906.70 “Case 1” and Case No. CC-01-829.70 “Case 2”. The record and supplementary information provided by the trial court reflect the following facts:
 

 Case 1:
 
 On July 25, 1994, Jones pleaded guilty to assault in the second degree. The trial court sentenced him to two years’ imprisonment; that sentence was split, and he was ordered to serve one year in confinement and the balance of the sentence was suspended on one year’s probation. The court also ordered him to pay $25,397 in restitution, a $50 crime victims’ assessment, court costs, and attorney fees. On July 18, 1995, the trial court placed Jones on probation. On February 5, 1996, he appeared for a probation review and tested positive for drugs. The trial court declared him delinquent, tolled his probation, and scheduled a revocation hearing. On February 7, 1996, the court set aside the delinquency order and reinstated Jones on probation on the original terms, with the added condition that he submit to evaluation at a chemical-addiction program and successfully complete the recommended program. On August 1, 1996, Jones appeared for a probation review, and the court entered an order, extending probation for one year or until all court-ordered moneys were paid. There is no further information available regarding Case 1 until July 28, 2002, when Jones failed to appear for a scheduled probation review. The trial court ordered the probation officer to notify Jones of a new review date, where he would be required to show why he should not be declared delinquent for failing to pay court-ordered moneys. The court noted that, at that time, Jones had paid $658, which left a balance, including court costs and attorney fees, of $25,019 to be paid. Penalties for failure to pay and subsequent payments resulted in a total balance owing of $31,752.60 in Case 1 on January 11, 2007.
 

 Case 2:
 
 Jones pleaded guilty to first-degree possession of marijuana. On August 30, 2001, the trial court sentenced him to five years’ imprisonment, suspended the sentence, and placed him on supervised probation for two years or until all conditions of the suspended sentence were met. The court also ordered him to pay a $1,000 fine, a $100 forensic-services fee, a $50 crime victims’ assessment, a $150 attorney fee, and court costs. There is no further information available regarding Case 2 until July 23, 2002, when, as in Case 1, Jones failed to appear for a probation review. The trial court ordered the probation officer to schedule a show-cause hearing, as stated earlier, based on Jones’s failure to pay court-ordered moneys. The court noted that, at that time, Jones had paid $80, which left a balance, including court costs and attorney fees, of $1,567 to be paid. On July 20, 2004; on July 12, 2005; and on July 19, 2006, the trial court entered orders that Jones’s “[probation
 
 *1031
 
 automatically extends until all sums are paid.” Penalties and payments resulted in a total balance of $1,337.60 due in Case 2 on January 11, 2007.
 
 [1]
 

 Revocation:
 
 As a result of an incident at the probation office on January 5, 2007, Jones was charged with violating the terms of his probation by testing positive for marijuana and committing the new offenses of first-degree possession of marijuana and unlawful possession of a firearm. On January 11, 2007, the trial court declared him delinquent and tolled probation in both cases. The court noted that Jones “owe[d] court monies of $31,752.60 in case number CC-1994-906 and $13[3]7.60 in CC-2001-0829” and that “[h]e was making payments which is why this was not a charged violation.” On January 16, 2007, Jones appeared for a revocation hearing and moved to dismiss both cases, on the ground that his probation had expired and he was no longer under court supervision. On March 6, 2007, the trial court conducted a final revocation hearing and found that Jones had violated the conditions of his probation by failing to refrain from illegal activity, specifically, by testing positive for marijuana and by having a firearm in his possession. The court revoked his probation in both cases and ordered Jones to serve his two-year sentence in Case 1 and his five-year sentence in Case 2, concurrently with all other sentences he was serving.
 

 Appeal:
 
 After Jones appealed to this court, we remanded the cause by order for the trial court to supplement the record with evidence as to whether Jones was still on probation on March 7, 2007, when probation in both cases was revoked. After the trial court filed its return to remand, we remanded the cause by order a second time for the trial court to supplement the record with information as to the length of time that Jones’s probation may have been tolled in Case 2. The trial court has now filed its return to the second remand, which states, in pertinent part: “Upon review of the file, we find no record where probation was tolled in Case No. CC-2001-0829.” The court states that, when Jones failed to appear on July 23, 2002, he was not declared delinquent because he was in compliance with the conditions of probation according to his probation officer and he had been making timely payments on restitution and court costs.
 

 Jones contends that the trial court did not have jurisdiction to revoke his probation in Case 1 or Case 2 because, he argues, the probationary periods in both cases had expired before revocation proceedings began. The State contends that the probation revocations were proper because, it argues, even though more than five years had passed since the probationary period began, the court had initiated proceedings that effectively tolled, the probationary periods and Jones had not successfully completed the conditions of probation and received a formal discharge from probation. The State argues that the trial court’s implementation of an ongoing review process, which required Jones to make regular payments to avoid revocation, was sufficient to toll probation.
 

 Section 15-22-54(a), Ala.Code 1975, sets out the probationary periods the trial court may impose for adult criminal offenders:
 

 “The period of probation or suspension of execution of sentence shall be determined by the court, and the period of probation or suspension may be continued, extended, or terminated. However, in no case shall the maximum probation period of a defendant guilty of a misde
 
 *1032
 
 meanor exceed two years,
 
 nor shall the maximum probation period of a defendant guilty of a felony exceed five years. When the conditions of probation or suspension of sentence are fulfilled, the court shall, by order duly entered on its minutes, discharge the defendant.”
 

 (Emphasis added.) When a probationer fails to fulfill all the conditions of probation and there is no formal discharge from probation by order of the court, the period of probation continues until the probationer satisfactorily fulfills the conditions of probation or he receives a formal discharge from probation, or the five-year maximum period passes.
 
 Sherer v. State,
 
 486 So.2d 1330 (Ala.Crim.App.1986).
 

 Case 1:
 
 Because second-degree assault is a felony offense, the trial court could impose probation for a maximum of five years. Jones’s one-year term of probation began on July 18, 1995. After it was tolled for two days, the probationary period was scheduled to expire on July 20, 1996. However, the record reflects that Jones did not pay the restitution ordered by the court. Since he had not satisfactorily fulfilled the conditions of probation, his probation did not expire and the trial court continued to have jurisdiction over this matter until the end of the five-year statutory period.
 

 There is no record of further action in this case until July 23, 2002, when Jones failed to appear for a probation review. At that time, the trial court lacked jurisdiction to entertain the issue of revocation because the five-year probationary period had expired approximately two years earlier, on July 2, 2000. The trial court therefore did not have authority to issue the show-cause order in 2002 or the revocation order in 2007.
 

 Case 2:
 
 Because first-degree possession of marijuana is a felony offense, the maximum period of probation was five years. Jones’s two-year probationary term began on August 30, 2001. On July 23, 2002, the trial court issued the show-cause order noted heretofore but did not toll the running of Jones’s probation. The two-year probationary term was scheduled to expire on August 30, 2003. However, because Jones did not pay his court-ordered moneys, Jones’s probation did not expire. In July 2004, 2005, and 2006, the court extended probation because the moneys still had not been paid. These extensions were proper because they were within the five-year statutory period. “At any time during a period of probation, the court, for good cause shown, may extend the term of probation up to the maximum period permitted by law.” Rule 27.3, Ala. R.Crim. P.
 

 On January 11, 2007, the trial court entered an order, purporting to find Jones delinquent and to toll his probation. However, the statutory maximum five-year period of probation had expired approximately five months earlier, on August 30, 2006. The process for revoking probation did not begin until after the probationary period had expired.
 

 “Just as wrongful conduct which is the basis of a revocation must generally occur during the period of probation or parole, the vast majority of American jurisdictions hold that revocation proceedings must be initiated prior to the date of the offender’s release from probation or parole. What this means is that
 
 process sufficient to begin revocation proceedings must issue before the end of the probation or parole term.
 
 Jurisdictions have adopted a variety of ways to commence revocations. The most common methods include a summons, arrest warrant, warrantless arrest, show-cause order, and a motion to revoke.”
 

 Watkins v. State,
 
 455 So.2d 160, 162 (Ala.Crim.App.1984), citing N. Cohen & J. Go-
 
 *1033
 
 bert,
 
 The Law of Probation and Parole
 
 § 11.01 at 525-26 (1983) (footnotes omitted) (emphasis added). The trial court extended Jones’s probation in 2004, 2005, and 2006 but did not toll it. Therefore, the court did not have jurisdiction to rule on the issue of revocation in 2007.
 

 The trial court lacked authority to order revocation in either of Jones’s cases. Therefore, the trial court’s order of revocation must be reversed. This cause is hereby remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 SHAW, WISE, and WELCH, JJ., concur. BASCHAB, P.J., concurs in the result.
 

 *
 

 Note from the reporter of decisions: The Court of Criminal Appeals remanded this case by order on December 12, 2007; it was resubmitted on return to remand on March 19, 2008. On April 23, 2008, the Court of Criminal Appeals again remanded this case by order.
 

 [1]
 

 . The entry in the case action states that the balance is "$1,367.60." This appears to be a typographical error, because both returns to remand state that the balance is “$1337.60.”